UNITED STATES of America, Appellee,

v.

Michael ADKINS, Appellant.

No. 86–2171.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1987.

Decided March 22, 1988.

Robert A. Hampe, St. Louis, Mo., for appellant.

Mitchell Stevens, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, McMILLIAN, and BEAM,* Circuit Judges.

---

* The Honorable C. Arlen Beam, Chief United States District Judge for the District of Nebraska, sitting by special designation. On November 9, 1987, Judge Beam was confirmed as a United States Circuit Judge for the Eighth Circuit.

BEAM, Circuit Judge.

Michael Adkins appeals his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982). Adkins asserts two grounds in support of his appeal: (1) that his case should have been severed from those of other defendants, and (2) that his motion for judgment of acquittal should have been granted because there was insufficient evidence to support the jury's verdict. We affirm.

## I. Background

Appellant Michael Adkins was charged in Count II of a seven count indictment [1] with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Count II specifically asserted that Adkins, along with six named codefendants and five other unindicted individuals, conspired to distribute cocaine in Missouri, Florida, Texas, Tennessee, and Arkansas.[2] The conspiracy was alleged to have existed from May 1, 1979, until the date of the indictment.

Three days after the trial began, March 10, 1983, a mistrial was granted as to Ross Alan Milburn. On the same date the trial court granted severance to Ross E. and Marion Milburn and Ronald and Paula Throop. The trial then proceeded against the defendants Adkins, Darnall, Crafton, and Lewis. On March 18, 1983, the jury found Adkins and the remaining defendants guilty of conspiracy to distribute cocaine.[3] Adkins failed to appear for sentencing. He was taken into custody on July 1, 1986, and was sentenced on September 5, 1986, to a nine-year term of imprisonment.[4]

## II. Severance

Adkins argues that denial of his motion to sever prejudiced his right to a fair trial. He asserts that a jury, after hearing testimony concerning the remaining co-defendants and the severed defendants, could not compartmentalize the evidence and return a fair verdict.

In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together. *United States v. Mims*, 812 F.2d 1068, 1076 (8th Cir.1987); *United States v. Robinson*, 774 F.2d 261, 265 (8th Cir.1985); *United States v. Jackson*, 549 F.2d 517, 523 (8th Cir.), *cert. denied*, 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). Under Fed.R.Crim.P. 14,[5] if it appears that a party is prejudiced by such joinder, the trial court may grant a severance of defendants. *United States v. Lewis*, 759 F.2d 1316, 1341 (8th Cir.), *cert.*

1. Count I charged Ross Alan Milburn with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; Counts III, V, and VI charged Ross Alan Milburn with distribution of and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841; Count IV charged Gary Darnall with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and Count VII charged Milburn, Susan Elayer and Milburn's relatives, Ross E. Milburn (father), Marion Milburn (mother), Paula Throop (sister), and Ronald Throop (brother-in-law), with conspiring to conceal Milburn's narcotics income by impeding the functions of the Internal Revenue Service in violation of 18 U.S.C. § 371.

   The indictment charged a total of 11 defendants. Prior to trial, Ralph Edward Purdy pled guilty to Count II and Susan Elayer pled guilty to Count VII.

2. Charged in Count II with Adkins were Ross Alan Milburn, Gary Darnall, Terry Crafton, Paula Lewis, Ralph Edward Purdy, and Susan Elayer. Named as unindicted coconspirators were Ronald Humphries, Michael Richmond, Mark McClellan, Richard Milburn, and Debra Martin.

3. Paula Lewis, Gary Darnall, Terry Crafton, Ross Alan Milburn, Marion Milburn, Ross E. Milburn, Ronald Throop, and Paula Throop brought a consolidated appeal of their convictions in *United States v. Lewis*, 759 F.2d 1316 (8th Cir.), *cert. denied*, 474 U.S. 994, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985).

4. Adkins entered a plea of guilty to jumping bail and was sentenced to a three-year term of imprisonment to run consecutively with the nine-year term.

5. Fed.R.Crim.P. 14 reads in pertinent part:
   **Relief from Prejudicial Joinder.** If it appears that a defendant or the government is prejudiced by a joinder * * * of defendants in an indictment * * * or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*denied,* 474 U.S. 994, 106 S.Ct. 406, 88 L.Ed.2d 357 (1985).

■ The motion to sever is addressed to the discretion of the trial court. *Robinson,* 774 F.2d at 266; *Jackson,* 549 F.2d at 523. Severance is permitted upon a showing of real prejudice to the individual defendant. *Id.* To make a showing of prejudice, an appellant must establish something more than the mere fact that he would have had a better chance for acquittal had he been tried separately. *Lewis,* 759 F.2d at 1341 (citation omitted); *United States v. Krevsky,* 741 F.2d 1090, 1094 (8th Cir.1984); *Jackson,* 549 F.2d at 524. The appellant must demonstrate that the jury was unable to compartmentalize the evidence as it related to the separate defendants. *United States v. Andrade,* 788 F.2d 521, 530 (8th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 462, 93 L.Ed.2d 408 (1986).

■ Thus, a denial of severance will not be reversed unless real prejudice and an abuse of discretion are shown. *Mims,* 812 F.2d at 1076; *Krevsky,* 741 F.2d at 1094. Appellants bear a heavy burden in showing an abuse of discretion. *Robinson,* 774 F.2d at 266. The evidence of prejudice and abuse of discretion adduced here is insufficient to meet this burden. Adkins argues that evidence presented as to the severed defendants, the Milburns and the Throops, was prejudicial to him.

The fact that trial testimony dealt with the Milburns and the Throops whose trials were subsequently severed does not document prejudice. The trials of the elder Milburns and the Throops were severed because they participated only in the tax fraud count of the indictment. The court granted Alan Milburn's motion for severance and mistrial because of the unintentional reference in an improperly edited tape to his previous conviction for marijuana distribution. The balance of the defendants—Crafton, Gary Darnall and Paula Lewis—were not involved in

all counts of the indictment or all of the overt acts alleged, but the transactions and their roles in the series of transactions alleged were similar enough to justify the joint trial under Fed.R.Crim.P. 8(b).[6] Moreover, evidence of marijuana sales and tax evasion was not unduly prejudicial because Count II of the indictment specified that disposition of the proceeds was an element of the conspiracy and because the participants in the marijuana scheme also conspired to sell the cocaine. Like the conspiracy at issue in *United States v. Kaminski,* 692 F.2d 505 (8th Cir.1982), the second count in this indictment apparently involves a "single, ongoing scheme" which "lends itself to a logical, compartmentalized analysis." *Id.* at 516.

*Lewis,* 759 F.2d at 1341–42. The district court properly denied the motions to sever.

III. Sufficiency of the Evidence

Adkins argues that his motion for judgment of acquittal should have been granted because the evidence against him was insufficient to support the jury's verdict.

In reviewing a denial of a motion for judgment of acquittal "we must view the evidence in the light most favorable to the [G]overnment." *United States v. Springer,* 831 F.2d 781, 783 (8th Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 1117, 99 L.Ed.2d 277 (1988) (citations omitted). We also must give the Government "the benefit of all reasonable inferences that may logically be drawn from the evidence." *Id.* at 783–84 (citations omitted). "A motion for acquittal should be granted only where 'the evidence, viewed in the light most favorable to the Government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any of the essential elements of the crime charged.'" *United States v. White,* 562 F.2d 587, 589 (8th Cir.1977) (per curiam) (citations omitted; emphasis in original), *quoted in United States v. DeLuna,* 763

---

6. Fed.R.Crim.P. 8(b) reads in part:

**Joinder of Defendants.** Two or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

F.2d 897, 924 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985).

Adkin's contentions as to the sufficiency of the evidence revolve around testimony concerning his activities. He makes, generally, two assertions: (1) the testimony given by unindicted coconspirator Mark McClellan was inadmissible hearsay, and (2) the proof adduced did not establish that he willfully participated in illegal acts in the course of and in furtherance of an existing conspiracy.

■ First, Adkins apparently argues that the testimony of McClellan, with regard to statements made by Alan Milburn which inculpated Adkins in the chain of drug distribution, was not admissible under Fed.R.Evid. 801(d)(2)(E) [7] and was, thus, improper hearsay. The basis for the objection to this testimony appears to be that McClellan was an unindicted rather than an indicted coconspirator, which, according to Adkins, makes receipt of the evidence inappropriate. Appellant cites no cases in support of such a proposition and we have found none. Rule 801(d)(2)(E), by definition, takes the statements of coconspirators outside the hearsay rule.[8] Rule 801(d)(2)(E), of course, says nothing about whether the coconspirator has been indicted or is unindicted, and, for the rule to be applicable, it makes no difference. *Lewis,* 759 F.2d at 1339. The foundational requirements for admissibility of evidence under this rule are set forth in *Bourjaily v. United States,* — U.S. ——, 107 S.Ct. 2775, 2778, 97 L.Ed.2d 144 (1987). The Supreme Court said, "[t]here must be evidence that there was a conspiracy involving the declarant and the nonoffering party,

and that the statement was made 'in the course and in furtherance of the conspiracy.' " [9] *See also Lewis,* 759 F.2d at 1342; *United States v. Jankowski,* 713 F.2d 394, 396 (8th Cir.1983), *cert. denied,* 464 U.S. 1051, 104 S.Ct. 732, 79 L.Ed.2d 192 (1984). These demands are clearly met in this case.

■ We now consider appellant's second contention. As this court said in *Lewis,* the existence of the conspiracy has been clearly demonstrated by the evidence. *Lewis,* 759 F.2d at 1342. Adkins' membership in the conspiracy was established through the testimony of Michael Richmond and Mark McClellan. Michael Richmond testified that Alan Milburn introduced him to Adkins in February of 1980. Richmond was returning by bus from Florida with cocaine, which he delivered to Milburn in Memphis. Richmond testified that Adkins drove Milburn and Richmond back to Missouri. Richmond also testified that Milburn said he planned to "cut Mike Adkins out of the middle" and deal directly with Terry Crafton. Milburn was purportedly concerned that Adkins was diluting the cocaine so much that Crafton would not want it.

McClellan testified that on one occasion in late June 1980 he was directed by Ed Purdy to meet Adkins in Little Rock, Arkansas. There McClellan gave Adkins a bulky brown manila envelope ("it felt like a granular substance was in it") and received $7,000.00 from Adkins. McClellan said Adkins inquired about the quality of the envelope's contents. According to McClellan, Milburn had told him to count the money several times because Milburn had come to mistrust Adkins. In late July 1980, Edward Purdy gave McClellan another bulky envelope. Purdy instructed him to call Mil-

---

7. **Rule 801. Definitions**

    The following definitions apply under this article:

    *   *   *   *   *   *

    **(d) Statements which are not hearsay.** A statement is not hearsay if—

    *   *   *   *   *   *

    **(2) Admission by party-opponent.** The statement is offered against a party and is

    *   *   *   *   *   *

    (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

8. **Rule 802. Hearsay Rule**

    Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

9. We note that the Supreme Court has held in *Bourjaily v. United States,* — U.S. ——, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987), "that a court, in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to be admitted."

burn and ask him whether he should deliver the envelope to Adkins. The answer this time was no. McClellan further testified that in December of 1980, Milburn contacted him and told him to meet Adkins in Kennett, Missouri. On that occasion, McClellan gave Adkins another brown manila envelope in exchange for $7,000.00. Again, Adkins asked about the quality of the envelope's contents. McClellan also testified that Milburn had said he was going to deal directly with another salesman because he doubted Adkins' trustworthiness.

We find that these statements were made during the course of the conspiracy. The clear inference from the testimony is that Adkins was purchasing cocaine from Milburn and was, in turn, selling it to Crafton. Obviously, the jury could have properly concluded that Milburn was concerned that Adkins would so adulterate the cocaine that the venture would lose Crafton as a customer.

We also find that the statements were made in furtherance of the conspiracy. Here the conspiracy was "a continuing arrangement that embrace[d] a series of transactions." *Lewis,* 759 F.2d at 1343. Milburn's statements regarded his concerns and plans as to the present and future concerning his drug dealing with Michael Adkins.

The statements were properly admitted under Fed.R.Evid. 801(d)(2)(E). From them and the other evidence adduced at trial, we find the proof sufficient to support Adkins' conviction.

IV. Conclusion

For the reasons set forth in this opinion, we affirm the conviction of Michael Adkins.