UNITED STATES of America, Appellee,

v.

Gary SCHOENFELD, Appellant.

No. 88–1907NI.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1988.

Decided Jan. 17, 1989.

Robert L. Sikma, Sioux City, Iowa, for appellant.

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. Counts 1 and 4 charged Gary Schoenfeld with distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Counts 2 and 5 charged Paul Anderson with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count 3 charged Mark Seitzinger with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count 6 charged Jay D. Bloyer with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and Count 10 charged Jay D. Bloyer with distribution of

Michael M. Hobart, Asst. U.S. Atty., Sioux City, Iowa, for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and BATTEY,* District Judge.

PER CURIAM.

Gary Schoenfeld (Schoenfeld) appeals his conviction of distribution of methamphetamine (Counts 1 and 4), a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count (Count 11) alleging conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

## I.  BACKGROUND

Appellant Gary Schoenfeld was charged in three counts of an 11–count superseding indictment[1] along with four other defendants, Jay D. Bloyer, William R. Drews, Paul Anderson, and Mark Seitzinger. Prior to the trial, the United States District Court[2] severed the case of Jay D. Bloyer. The case proceeded to trial against the other named defendants and the jury verdict was returned on December 7, 1987, finding Gary Schoenfeld guilty on Counts 1, 4, and the conspiracy charge in Count 11; Paul Anderson was found guilty of Count 2 and not guilty of Count 5; Mark Seitzinger was found not guilty of Count 3 and not guilty of Count 11; William R. Drews was found guilty of Counts 7 and 8. All defendants, except Mark Seitzinger, were found guilty of the conspiracy charge in Count 11. Schoenfeld argues for reversal that (1) the denial by the court of his mo-

marijuana in violation of 21 U.S.C. § 841(a)(1). Counts 7 and 8 charged William R. Drews with possession with intent to distribute (Count 7) and with distribution of amphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count 9 charged Appellant Gary Schoenfeld with use of a communication facility to aid in the distribution of methamphetamine, a violation of 21 U.S.C. § 843(b) and 841(c) which was dismissed by the trial court. Count 11 charged all defendants with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2. The Honorable Donald E. O'Brien, Chief Judge, United States District Court for the Northern District of Iowa.

tion to sever Counts 7 and 8 of the superseding indictment prejudiced his right to a fair trial; (2) the court committed error in the admission of certain telephone toll records; (3) the evidence was insufficient to sustain a conviction; (4) the district court's instructions on reasonable doubt was defective and (5) the court's instructions relating to the jury's consideration of the testimony of an accomplice was also defective.

Finding no error, we affirm.

## II. SEVERANCE

■ Schoenfeld argues that Counts 7 and 8 which allege possession and distribution of amphetamine against co-defendant Drews should have been severed from the other counts which allege violation of the Controlled Substance Act concerning use and distribution of methamphetamine.

It is the rule in this circuit that persons charged in a conspiracy or jointly indicted on similar evidence from the same or related event should be tried together. *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir.1988) (citations omitted). Upon the record it does not appear that there has been any abuse of discretion in the order denying severance. Under Fed.R.Crim.P. 14,[3] if it appears that a party is prejudiced by such joinder, severance may be granted. *Adkins* at 211. The motion to sever is addressed to the sound discretion of the Court. We find no abuse of discretion here.

Based upon the verdict of the jury, it is clear that the jury was able to compartmentalize the evidence and we accordingly hold that Schoenfeld's claim of abuse of discretion is not meritorious.

## III. INSUFFICIENCY OF EVIDENCE

■ This Court has examined the record in this case and finds ample direct and circumstantial evidence to sustain the conviction. Schoenfeld's argument that the evidence was insufficient by reason of the fact that the only witness was Pat Carstensen, an admitted accomplice, similarly is too narrow of a characterization of the evidence. The court's instructions adequately informed the jury as to its burden and duty as relates to the credibility of the witness Pat Carstensen and as such, we deem the record sufficient upon which to base a conviction.

■ With respect to the admission of the telephone toll records, such evidence is highly probative of criminal conduct. We find no abuse of discretion in the district court's admitting them for the consideration of the jury.

## IV. INADEQUACY OF INSTRUCTION

■ Schoenfeld requested that the court follow the Eighth Circuit Pattern Instruction 6.04 as to the testimony of an accomplice.[4] Specifically, Schoenfeld argues that the last sentence of the instruction to the effect that the jury should consider the testimony of an accomplice with greater caution than that of an ordinary witness should have been given. This Court has held such language to be required only where the witness's testimony concerning the defendant's participation in the offense is uncorroborated, and that where the testimony is corroborated, the absence of such language is not error. *United States v. McGinnis*, 783 F.2d 755, 758 (8th Cir.1986). The Eighth Circuit Pattern Jury Committee

3. Fed.R.Crim.P. 14 reads in pertinent part:
   **Relief from Prejudicial Joinder.** If it appears that a defendant or the government is prejudiced by a joinder * * * of defendants in an indictment * * * or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

4. 6.04 *Testimony of Accomplice.* You have heard testimony from witness _____ who

stated that he [she] participated in the crime charged against the defendant. You may give his [her] testimony such weight as you think it deserves. Whether or not his [her] testimony may have been influenced by his [her] desire to please the government or to strike a good bargain with the government about his [her] own situation is for you to determine. [You should, however, consider his [her] testimony with greater caution and care than that of an ordinary witness.]

has considered this language as not mandating use whenever an accomplice testifies.[5] Although we have held that such pattern jury instructions are helpful to the trial judge, they do not constitute adjudicative approval which must await case-by-case review by the appellate court. *United States v. Ridinger*, 805 F.2d 818, 821 (8th Cir.1986). This Court recently reaffirmed its decision in *Esters v. United States*, 260 F.2d 393, 397 (8th Cir.1958) to the effect that no absolute and mandatory duty is imposed upon the trial court to advise the jury by instruction that they should consider the testimony of an uncorroborated accomplice with caution. *United States v. Schriver*, 838 F.2d 980, 983 (8th Cir.1988).

Moreover, upon review of the record in this case, we find that the testimony of the accomplice Pat Carstensen was corroborated by other direct and circumstantial evidence. Accordingly, we find no error in the instruction as given. The jury was properly charged as to its duty to determine credibility.

The judgment of conviction is affirmed.

---

5. Referring to the last sentence (sometimes referred to as the "tail" of Instruction 6.04), the Committee states, "Language of this sort is often included in an instruction on the present subject. The Eighth Circuit, however, has held that such language is *required* only where the witness' testimony concerning the defendant's participation in the offense is uncorroborated, and that where the testimony is corroborated the absence of such language is not error. *U.S. v. McGinnis*, 783 F.2d 755, 758 (8th Cir.1986). Unless the testimony of the witness is in fact uncorroborated, the Committee recommends against including such language, since in those

circumstances it seems an unwarranted intrusion into the jury's functions."

