**UNITED STATES of America, Appellee,**

v.

**Roberto Barcenas LARA, Appellant.**

**No. 89–5083.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1989.

Decided Dec. 12, 1989.

Barry V. Voss, Minneapolis, Minn., for appellant.

Jon M. Hopeman, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

BEAM, Circuit Judge.

Roberto Barcenas Lara and Pedro Baca were convicted, following a joint trial in the district court,[1] of two counts of aiding and abetting the knowing and intentional distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1982) and 18 U.S.C. § 2 (1982). Lara contends that the district court erred in denying his motion for severance and that the evidence was not sufficient to support the verdict. Finding no merit to Lara's arguments, we affirm.

## I. BACKGROUND

On August 9, 1988, Special Agent Joy Rikala of the Minnesota Bureau of Criminal Apprehension contacted Pedro Baca by telephone and arranged to purchase cocaine from him at his home. Agent Rikala went to Baca's house and parked on the street. Baca approached Rikala's truck and told her that his source had not yet arrived. A few minutes later, Lara drove up to the house and met with Baca on the front porch. Agent Rikala's view of the porch was partially blocked. She could see Baca and Lara only from the shoulders up. Consequently, she was unable to see whether Lara gave anything to Baca. Baca was, however, in Agent Rikala's view the entire time between their initial conversation and the cocaine purchase, and Rikala did not observe anyone other than Lara approach Baca.

Lara entered the house, and Baca returned to Agent Rikala's truck and sold her two ounces of cocaine. Baca then went into the house, but, after Lara left, returned to discuss additional sales with Rikala. Baca told Rikala that his source had remained during the sale to insure his interest in the cocaine.

Subsequently, on August 19, 1988, Agent Rikala agreed to purchase more cocaine from Baca. The place of exchange was to be the parking lot of a fast food restaurant. Baca told Rikala that the sale had to occur at 11:00 a.m. because his source, the same source used in the first sale, had to be elsewhere between 9:00 and 10:30 a.m. On August 19, after leaving an appointment with his rehabilitation consultant at approximately 10:00 a.m., Lara drove Baca to a shopping center parking lot across the street from the location of the sale. Baca crossed the street and sold thirteen ounces of cocaine to Agent Rikala for $15,000. The cocaine was in a submarine sandwich bag on which Lara's fingerprint was later found. Rikala drove Baca back to Lara's car, and Baca and Lara were arrested. In later searches, police officers found a cellular phone in Lara's car and Lara's gun in his girlfriend's apartment.

Lara and Baca were tried jointly. At trial, Baca admitted selling cocaine to Rikala but claimed that he had been entrapped. Baca admitted that he had been convicted of drunken driving, smuggling illegal

---

**1.** The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

aliens, possession of controlled substances, and forgery. Baca also testified that a woman named "Anita," not Lara, was the cocaine source. Agent Rikala testified that in a statement given following his arrest, Baca indicated that Lara was the source of the cocaine for the August 19 sale.

## II. DISCUSSION

Lara contends that he was prejudiced as a result of the district court's denial of his motion to sever and was denied his right to a fair trial. He argues that the jury could not compartmentalize the evidence which was admissible only against Baca.

■ Persons jointly indicted on similar evidence from the same or related events generally should be tried together.[2] *United States v. Sanders*, 563 F.2d 379, 382–83 (8th Cir.1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); *United States v. Wofford*, 562 F.2d 582, 585 (8th Cir.1977), *cert. denied*, 435 U.S. 916, 98 S.Ct. 1471, 55 L.Ed.2d 507 (1978). The trial court may grant a severance if it appears that a party is prejudiced by such joinder.[3] *United States v. Adkins*, 842 F.2d 210, 211 (8th Cir.1988). The motion to sever is addressed to the discretion of the trial court, and its denial of severance will not be reversed absent a showing of real prejudice and an abuse of discretion. *Id.* at 212. Real prejudice is shown if the jury was unable to compartmentalize the evidence as it related to the individual defendants. *Id.*

■ Lara contends that Agent Rikala's testimony that Baca implicated Lara as the source of the cocaine would not have been admissible in a separate trial.[4] This testimony was offered to impeach Baca's statement at trial that "Anita" was the source of the cocaine. Had Baca so testified at a separate trial (and Lara does not contend that he would not have been called as a witness), Agent Rikala's testimony would have been useable to impeach such evidence since it tended to exculpate Lara.

The trial court specifically instructed the jury to consider Baca's statement only in the case against him and not in the case against Lara.[5] Lara was not entitled to such a broad limiting instruction. Baca's statement was admissible under *Bruton* because Baca was cross-examined at trial and was admissible in Lara's case to the extent that it was used to impeach Baca's testimony that "Anita," not Lara, was the source of the cocaine. Lara, at trial, sought the exculpatory testimony from Baca and cannot now complain about Baca's impeachment with a prior inconsistent statement.

■ Lara also asserts that he was prejudiced because Baca's entrapment defense was antagonistic to his mere presence defense. These positions were not so antagonistic that the jury would infer from that conflict alone that both defendants were guilty. *See United States v. Jones*, 880 F.2d 55, 63–64 (8th Cir.1989); *United States v. DeLuna*, 763 F.2d 897, 921 (8th Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct.

---

**2.** Fed.R.Crim.P. 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

**3.** Fed.R.Crim.P. 14 provides in pertinent part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

**4.** Appellant relies on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, *Bruton* excludes only those out of court statements made by a co-defendant when that co-defendant is not subject to cross-examination. *Nelson v. O'Neil*, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971).

**5.** The trial court instructed:

You may consider the statement of defendant Baca only in the case against him, and not in the case against defendant Lara.... But you may not consider or discuss that statement in any way when you are deciding if the government has proved beyond a reasonable doubt its case against defendant Lara. Trial Transcript vol. IV, at 477.

382, 88 L.Ed.2d 336 (1985). And, it does not appear from the record that the defendants' positions, in fact, were antagonistic.

■ Finally, Lara claims that he was prejudiced by the admission into evidence of Baca's prior crimes. The trial court, however, negated any prejudice by giving a clear instruction that the jury should consider such evidence only in regard to Baca's entrapment claim.[6] *See Jones,* 880 F.2d at 64; *United States v. Molinares Charris,* 822 F.2d 1213, 1221 (1st Cir.1987). The evidence does not support Lara's contention that he was prejudiced by the joint trial. The evidence was not so confusing that the jury was unable to compartmentalize it. The trial court instructed the jury to consider the evidence admitted against each defendant only against that defendant. Trial Transcript vol. IV, at 473.

■ Lara also argues that his conviction was not supported by sufficient evidence. The jury's verdict will be upheld if, giving the government the benefit of all inferences reasonably drawn from the evidence, the evidence is sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty. *United States v. Marin–Cifuentes,* 866 F.2d 988, 992 (8th Cir.1989). After a careful review of the record, we find that the district court did not err in denying the appellant's motion for judgment of acquittal.

## III. CONCLUSION

After reviewing the appellant's claims and the evidence, we find that the district court did not err in denying Lara's motions to sever and for judgment of acquittal. The district court's judgment is affirmed.

---

**6.** The trial court instructed the jury to consider Baca's prior cocaine conviction "only in the government's case against defendant Baca. Exhibit 25 [a certified copy of the conviction] may not be considered in any manner in the government's case against Mr. Lara." Trial Transcript vol. II, at 114. The trial court further instructed

the jury to "use this evidence concerning a previous crime to decide whether defendant Baca possessed the previous intent or purpose to violate the law when he committed the physical acts involved in the crime charged here such that defendant Baca was not a victim of entrapment." *Id.* vol. IV, at 478.