**UNITED STATES of America, Appellee,**

v.

**David Anthony GUTBERLET, Appellant.**

**No. 90–5328.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1991.

Decided July 29, 1991.

Robert W. Owens, Jr., Minneapolis, Minn., for appellant.

Elizabeth de la Vega, argued (Jerome G. Arnold, Elizabeth de la Vega and David B. Hunt, on the brief), Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

David Anthony Gutberlet appeals from a final judgment entered in the United States District Court [1] for the District of Minnesota, finding him guilty, upon a jury verdict, of one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846, and one count each of aiding and abetting the distribution of heroin, possession of heroin with intent to distribute, and possession of methamphetamine with intent to distribute, all in violation of 21 U.S.C. § 841. The district court sentenced Gutberlet to 144 months in prison, five years of supervised release, and a special assessment of $200. For reversal, Gutberlet argues that the district court erred in (1) denying his motion to sever, (2) denying his motion to suppress physical evidence, and (3) refusing to give his proffered defense instruction to the jury. For the reasons discussed below, we affirm the judgment of the district court.

On September 20, 1989, an informant told Eugene Leatherman, an undercover narcotics agent employed by the Minnesota Bureau of Criminal Apprehension, that Bradley Born was selling heroin and that Born's source was a man named Tony who lived in the Minneapolis area and traveled regularly to Los Angeles to buy heroin. Between September 20, 1989, and October 3, 1989, Leatherman purchased heroin from Born on four occasions. On two of these occasions, surveillance agents observed Born enter Gutberlet's residence immediately before the sale occurred. On October 3, 1989, at about 2:00 p.m., Leatherman arrested Born and secured the house where

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Gutberlet was living. Leatherman and other agents stayed at the house while awaiting the arrival of a search warrant. At about 3:30 p.m., Gutberlet and Faye Cathcart entered the house. Cathcart was carrying two aerosol cans and Gutberlet was carrying a box containing a triple beam scale. The agents arrested both Gutberlet and Cathcart and searched their persons incident to arrest. After arrival of the search warrant, the agents searched the two aerosol cans. The cans had false bottoms and were found to contain heroin and methamphetamine wrapped in plastic bags. A fingerprint expert testified at trial that the only identifiable fingerprint found on the plastic bags was Gutberlet's. The search of a bedroom identified as Gutberlet's revealed mail addressed to him, a round-trip airline ticket stub in Gutberlet's name from Minneapolis to Los Angeles, an aerosol can containing methamphetamine, a box of plastic bags similar to those used to wrap the drugs found in the aerosol cans, a checkbook in the name of Gutberlet, and, inside the checkbook, $650 that was from an earlier sale of heroin to Leatherman. A further search of the apartment revealed telephone messages that requested Gutberlet to call Born.

Gutberlet was charged with two counts of aiding and abetting the distribution of heroin, and one count each of possession of heroin with intent to distribute, conspiracy to distribute heroin, and possession of methamphetamine with intent to distribute.[2] Gutberlet filed a pretrial motion to sever his trial from Born's and to suppress physical evidence. The magistrate judge[3] recommended denying these motions and the district court adopted the magistrate

judge's recommendation. After a jury trial, Gutberlet was found guilty on all counts except one count of aiding and abetting the distribution of heroin. He was sentenced to 144 months in prison, five years of supervised release and a special assessment of $200. This appeal followed.

*Motion to Sever*

Gutberlet first argues that he suffered real prejudice as a result of the district court's denial of his motion to sever. Gutberlet and Born were properly joined pursuant to Fed.R.Crim.P. 8(b)[4] because they were charged with participation in a single conspiracy. *See, e.g., United States v. Houston,* 892 F.2d 696, 703 (8th Cir.1989). However, Fed.R.Crim.P. 14[5] allows severance if the defendant is prejudiced by the joinder.

While the decision to deny severance lies within the discretion of the district court, we will reverse the decision only if the defendant can show "real prejudice" and an abuse of discretion. *United States v. Adkins,* 842 F.2d 210, 212 (8th Cir.1988). Defendants can show real prejudice either by showing that their defense is irreconcilable with the defense of their codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. *See United States v. Lara,* 891 F.2d 669, 671 (8th Cir.1989) (*Lara*).

Gutberlet argues that his defense of noninvolvement conflicted with Born's defense of entrapment to the extent that the jury could not believe both defenses. To determine whether the defenses are irreconcilable, "[t]he test is whether the defenses so conflict that the jury, in order to

---

**2.** Born was charged with two counts each of knowing distribution of heroin, and aiding and abetting the distribution of heroin, and one count of conspiracy to distribute heroin.

**3.** The Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota.

**4.** Rule 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts

or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

**5.** Rule 14 provides in pertinent part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Jones,* 880 F.2d 55, 63 (8th Cir.1989) (internal quotations omitted).

We hold that the district court did not abuse its discretion in denying the motion to sever. Gutberlet's defense that he was not the source did not conflict with Born's entrapment defense to the extent that the jury, in order to believe one defense, would have to disbelieve the other. This case is factually similar to the *Lara* case. In *Lara,* Lara, who was the alleged source of cocaine, argued that he was not the source but had been merely present at the scene of the sales. 891 F.2d at 671. Lara's codefendant Baca, who actually sold cocaine to an undercover agent, argued entrapment. *Id.* This court held that Lara's and Baca's defenses were not so antagonistic that the jury would have to disbelieve one defense in order to believe the other. *Id.*

Gutberlet also argues that severance should have been granted because the jury could not compartmentalize the evidence presented against Born. Gutberlet specifically refers to statements made by Born to Leatherman during the heroin sales. However, because of the conspiracy charge, this evidence would have been admissible in a separate trial against Gutberlet under Fed. R.Evid. 801(d)(2)(E) as coconspirator's statements. *United States v. Kindle,* 925 F.2d 272, 277 (8th Cir.1991). Also, this trial only lasted for four days, involved only two defendants and seven counts and did not involve complex issues. *Cf. United States v. Davis,* 882 F.2d 1334, 1340 (8th Cir.1989) (jury capable of compartmentalizing evidence where trial took three days, did not involve complex issues, and there were only two defendants and eight counts), *cert. denied,* — U.S. ——, 110 S.Ct. 1472,

108 L.Ed.2d 610 (1990). Thus, we conclude that the jury was not incapable of compartmentalizing the evidence and the district court properly denied Gutberlet's motion to sever.

### Motion to Suppress

■ Gutberlet next argues that the district court erred in denying his motion to suppress the heroin and methamphetamine found in the two aerosol cans that were seized from Faye Cathcart. We need not reach the merits of this issue because Gutberlet does not have standing to contest the search of property seized from Cathcart.

The Supreme Court has established that Fourth Amendment standing is given only to those who can claim a "legitimate expectation of privacy" in the object that is searched. *Rawlings v. Kentucky,* 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1979). In cases similar to the present case, this court has held that an individual had no standing under the Fourth Amendment to contest the search and seizure of drugs from another person. *See, e.g., United States v. Rodrequez,* 859 F.2d 1321, 1325 (8th Cir.1988) (defendant's companion stopped and searched at the airport), *cert. denied,* 489 U.S. 1058, 109 S.Ct. 1326, 103 L.Ed.2d 594 (1989); *see also United States v. Bell,* 651 F.2d 1255, 1258 (8th Cir.1981) (government searched and seized a bag containing cocaine from coconspirator).

Gutberlet has not shown a privacy interest in the aerosol cans seized from Cathcart. Thus, he has no standing to contest the agent's search and seizure of the cans.

### Jury Instruction

Lastly, Gutberlet argues that the district court erred in not instructing the jury on the law of aiding and abetting precisely as he requested.[6] Instead, the district court

---

**6.** Gutberlet's requested instruction stated:

In order to aid and abet another to commit a crime, it is necessary that the accused willfully associate himself in some way with the criminal venture, and willfully participate in it as he would in something he wishes to bring about; that is to say, that he willfully seek by some act or omission of his to make a criminal venture succeed.

An act or omission is "willfully" done, if done voluntarily and intentionally and with the specific intent to fail to do something the law requires to be done; that is to say, with that purpose, either to disobey or to disregard the law.

You of course, may not find any defendant guilty unless you find beyond reasonable doubt that every element of the offense as defined in these instructions was committed

used the instruction set forth in the *Manual of Model Criminal Jury Instructions for the Eighth Circuit.*[7]

"Although a defendant is entitled to an instruction on his [or her] theory of defense, if it is timely requested, supported by the evidence, and correctly states the law, '[a] defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction[s].'" *United States v. Jerde,* 841 F.2d 818, 823 (8th Cir.1988) (quoting *United States v. Kouba,* 822 F.2d 768, 771 (8th Cir.1987)).

▆ The substance of Gutberlet's requested instruction was that aiding and abetting required the defendant to act willfully or with the specific intent to disobey the law. However, where knowledge that an act is against the law is not an essential element of the offense, an instruction requiring a finding of specific intent to disobey the law is not proper. *United States v. Dougherty,* 763 F.2d 970, 974 (8th Cir. 1985). We also note that because the district court's instruction required the jury to find that Gutberlet was a "participant" and not a "mere spectator," the instruction as given instructed the jury on Gutberlet's theory of defense. We hold the district court did not err in refusing to give the jury the requested defense instruction.

Accordingly, the judgment of the district court is affirmed.

by some person or persons, and that the defendant participated in its commission.

7. The district court's instruction stated in pertinent part:

In order to have aided and abetted the commission of a crime a person must:
(1) have known distribution of heroin was being committed or going to be committed;
(2) have knowingly acted in some way for the purpose of aiding the commission of distribution of heroin;
(3) have known that the substance to be distributed was heroin and intended that it be transferred to another person.

For you to find the defendant guilty of distribution of heroin by reason of aiding and abetting, the Government must prove beyond a reasonable doubt that all of the essential elements of distribution of heroin are committed by some person or persons, and that the defendant aided and abetted the commission of that crime.

Mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish the defendant aided and abetted the crime, unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.