972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Plaintiff Appellee,
v.
Shawn MORTON, Defendant Appellant.
 No. 91-2798.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: July 28, 1992.
 
 Before JOHN R. GIBSON, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Shawn Morton appeals from his conviction of conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (West Supp. 1992). He argues that there was insufficient evidence to support the conviction, and that the district court[1] erred in denying a two-level reduction for acceptance of responsibility. We affirm.
 
 
 2
 Ordinarily, a claim of insufficiency of the evidence would require a detailed recitation of the evidence. Here, Morton's argument is limited; namely, Morton argues that Timothy Clark was the only direct witness who claimed that he was involved in the possession of cocaine with the intent to distribute it, that Clark had a vested personal interest in the outcome of the case because of his plea agreement, and that Clark's history, motive, and irrationality would cause a reasonably minded jury to have reasonable doubts as to whether Morton participated with Clark in obtaining cocaine for the purpose of distribution.
 
 
 3
 Morton essentially contests the credibility of the prosecuting witness. As we have often said, credibility issues are for the jury to determine. United States v. Mallen, 843 F.2d 1096, 1099 (8th Cir.) (citing Hamling v. United States, 418 U.S. 87, 124 (1974)), cert. denied, 488 U.S. 849 (1988). "[A] conviction can rest on the testimony of an accomplice or conspirator, even if uncorroborated." United States v. Scott, 668 F.2d 384, 388 (8th Cir. 1981). See also United States v. Schoenfeld, 867 F.2d 1059, 1061 (8th Cir. 1989). Thus, the legal predicate on which Morton relies cannot stand. Suffice it to say that Clark testified that the two made some seven trips to Phoenix and Miami to purchase drugs and that they sold the drugs to various individuals back in Iowa. Although not substantial, there was some corroboration of Clark's testimony. The government introduced telephone records confirming telephone calls from Miami and Phoenix back to Morton's residence, as well as telephone calls to those locations charged to Morton's residence. Sufficient evidence existed to establish that Morton conspired to distribute more than 500 grams of cocaine.
 
 
 4
 Morton also complains that the district court erred in sentencing him by denying him a two level decrease for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1 (Nov. 1, 1991). In sentencing, the district court denied the government's request for an upward adjustment for Morton's role in the offense, and also Morton's request for a two-level reduction for acceptance of responsibility. This issue is for the district court's determination, and we give great deference to such rulings. United States v. Young, 875 F.2d 1357, 1361 (8th Cir. 1989). The district court's finding was not clearly erroneous.
 
 
 5
 We affirm the district court's judgment and sentence.
 
 
 
 [1]
 The Honorable Donald E. O'Brien, Chief Judge of the United States District Court for the Northern District of Iowa