## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Kruger

April 13, 1994

Case No. (Criminal) 82935

BY JUDGE ROSEMARIE ANNUNZIATA

The motion before the court is the Commonwealth's Motion for Joinder of the trials of two defendants, Kurt and Judy Kruger. The Krugers are husband and wife and were arrested in July of 1993 on a charge of attempting to receive stolen property on May 12, 1993. Mr. Kruger alone was also charged with attempting to receive stolen property on several other occasions in which Mrs. Kruger was not implicated. At the time this motion was argued, the charges against Mr. Kruger were scheduled to be heard at trifurcated jury trials on April 11, 12, and 13, 1994. The single charge against Mrs. Kruger was set for trial on April 19, 1994. The Commonwealth's Motion for Joinder of Trials is denied by the Court for the reasons that follow.

Virginia Code § 19.2–262.1, which came into effect in 1993, permits joint trial of co-defendants under certain circumstances. It states:

> On motion of the Commonwealth, for good cause shown, the court, in its discretion, may order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses to be tried jointly unless such joint trial would constitute prejudice to the defendant. If the court finds that a joint trial would constitute prejudice to the defendant, the court shall order severance as to that defendant or provide such other relief justice requires.

Due to its fairly recent enactment in this state, Virginia case law addressing the statute's application and interpretation precedent has

not yet been developed. Reference to analogous rules in federal practice and the relevant federal case law has therefore been made in my determination of whether joint trials should be ordered in this case.

Virginia Code § 19.2–262.1, patterned after the joinder and severance rules of the Federal Rules of Criminal Procedure, appears to serve similar policies and purposes. Federal Rule 8(b) provides that two or more defendants may be charged in the same indictment or information, and thus tried together, if they are alleged to have participated in the same acts or series of acts constituting an offense. Rule 13 allows for joint trial of defendants who were charged in separate indictments if the defendants and offenses could originally have been joined in a single indictment or information. If the defendant is prejudiced by joinder of offenses or defendants under either Rule 8(b) or Rule 13, the court may grant severance pursuant to Rule 14.

Most federal courts addressing the matter have analyzed the issue in the context of a motion for severance and not for joinder, since under federal law, defendants who are indicted together are generally tried together. However, the principles, being the same, are applicable here. *United States v. Smith*, 893 F.2d 1573 (9th Cir. 1990); *United States v. Lara*, 891 F.2d 669 (8th Cir. 1989).

Although joinder is the general rule under federal law, where one defendant seeks to have a co-defendant testify in his defense, joinder may be improper. *See United States v. Henry*, 797 F. Supp. 1 (D.C. Cir. 1992) *citing United States v. Shuford*, 454 F.2d 772 (4th Cir. 1971). Specifically, where a co-defendant's Fifth Amendment privilege to refuse to answer questions about the crime charged will act as a bar to his or her presentation of exculpatory evidence on behalf of the other defendant, such joinder has been found improper as it effectively prevents one defendant from calling a co-defendant to testify on behalf of the defense. *Johnson v. United States*, 318 U.S. 189, 63 S. Ct. 549 (1943). *United States v. Gay*, 567 F.2d 916 (9th Cir.), *cert. denied*, 435 U.S. 999 (1978); *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965). Joinder under these circumstances may render the trial fundamentally unfair and operate as a deprivation of due process on the part of the defendant seeking to elicit the testimony. *Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979); *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970); *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965).

Some courts are of the view that severance is obligatory where the defendant's case rests heavily on the exculpatory testimony of a co-

defendant who is willing to testify but for the fear that by taking the stand in a joint trial, the privilege against self-incrimination will be waived. *United States v. Henry*, 797 F. Supp. 1 (D.C. Cir. 1992) *citing United States v. Shuford*, 454 F.2d 772 (4th Cir. 1971).

Other courts have established certain factors which are to be considered and weighed in the determination of whether severance or joinder is proper. They include a legitimate need for the testimony, the substance of the testimony, its exculpatory nature and effect, and a likelihood that the co-defendant will in fact testify at the separate trial. In addition, the significance of the testimony to the defenses proffered, the extent of the prejudice caused by absence of the testimony, the effect of severance on judicial administration and economy, and the timeliness of the motion are factors also to be considered in resolving the matter. *United States v. Butler*, 611 F.2d 1066 (5th Cir.), *cert. denied*, 449 U.S. 830 (1980); *United States v. Beale*, 921 F.2d 1412 (11th Cir.), *cert. denied*, 112 S. Ct. 100 (1991); *United States v. Rogers*, 925 F.2d 1285 (10th Cir.), *cert. denied*, 111 S. Ct. 2812 (1991); *United States v. Cuozzo*, 962 F.2d 945 (9th Cir.), *cert. denied*, 113 S. Ct. 475 (1992); *United States v. Parodi*, 703 F.2d 768 (4th Cir. 1983).

Under either line of cases, the results in the present case are the same. I first note that at the March 25, 1994, hearing on the Motion, counsel for Mr. Kruger represented to the court that Mr. Kruger was prepared to offer testimony that would exculpate his wife if the trials remain bifurcated. Were the trials of the two defendants joined, however, Mr. Kruger stated that he would invoke his Fifth Amendment privilege against self-incrimination and would not testify on Mrs. Kruger's behalf. It was also established that as part of its proof against Mrs. Kruger, the Commonwealth intended to rely on statements made by Mr. Kruger during a taped conversation to an undercover police officer that arguably implicate Mrs. Kruger in the alleged crimes.

The post-trial brief submitted by counsel for Mrs. Kruger cites the transcript of the taped conversation between Mr. Kruger and the police officer, wherein Mrs. Kruger is implicated in the crime. The police officer allegedly said to Mr. Kruger, in reference to Mrs. Kruger, who had just left the room, "She knows she gotta be careful with that right," to which Mr. Kruger responded "Oh yeah she knows that for sure. Well what she's gonna do is probably [inaudible] like your rings, they went both to friends. One the stone went out [inaudible] and the other one went to a good customer of ours." The police officer then

asked Mr. Kruger "If your [sic] not here I can just deal with your wife from now on?" to which Mr. Kruger responded "Yeah." The police officer then stated "Okay. I wasn't sure about . . . " to which Mr. Kruger replied, "She's nice, she's nice and she's usually more cautious than I am. I mean I have a tendency to never think that anything is wrong with anything I buy and that's my honest feeling."

The defendants proffered to the court that in response to the Commonwealth's proof, Mr. Kruger would testify that Mrs. Kruger had no knowledge of the goods brought to the store by the undercover officer, that her ability to speak and understand the English language is limited, and that his comments to the officer about his wife were meant to convey that his wife did not understand English, and that she did not and could not understand her husband's alleged criminal activities.

In light of the nature and the potential exculpatory value of the expected testimony as proffered, as weighed against the need for economies in the administration of justice, I find that Mrs. Kruger has made the showing necessary to entitle her to a separate trial.