# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1669NE

_____

United States of America,

        Appellee,

v.

Jeffrey S. Gundersen,

        Appellant.

*
*
*
*
*  On Appeal from the United
*  States District Court
*  for the District of
*  Nebraska.
*
*
*

_____

Submitted: November 16, 1999

Filed: December 1, 1999

_____

Before RICHARD S. ARNOLD, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

A jury convicted Jeffrey S. Gundersen of conspiring with Steven Brooks to possess methamphetamine with intent to distribute it, and aiding and abetting Mr. Brooks in furtherance of that conspiracy. Mr. Gundersen was sentenced to twenty years in prison and ten years of supervised release. He appeals his conviction, arguing that the District Court[1] abused its discretion when it (1) denied his motion for a mistrial

_____

[1]The Hon. Joseph F. Bataillon, United States District Judge for the District of Nebraska.

after the prosecutor asked questions that implied the defendant used methamphetamine, and (2) removed an accomplice instruction from the final charge.[2] We hold that the District Court did not abuse its discretion as to the alleged prosecutorial misconduct, and that the instructions used adequately and correctly covered the substance of the requested instruction. We therefore affirm Mr. Gundersen's conviction.

I.

We state the facts in the light most favorable to the jury's verdict. Defendant, Jeffrey S. Gundersen, gave Steven Brooks $1,000 for expenses to fly to Phoenix, Arizona, to purchase drugs; $5,000 to purchase the drugs; and a promise of another $1,500 upon his return to Omaha, Nebraska, with the drugs. Mr. Gundersen drove Mr. Brooks to the airport and gave him his cell phone and pager numbers and the name and phone number of a contact person in Phoenix. Mr. Brooks arrived in Phoenix, met the contact person, got the drugs from him, and strapped the drugs to his body.

When Mr. Brooks arrived on his return flight to Eppley Airfield in Omaha, Nebraska, he was questioned by officers and consented to a search of his body. The officers found three pounds of methamphetamine and arrested Mr. Brooks. Mr. Brooks implicated Mr. Gundersen as the recipient of the drugs and agreed to assist the officers in making a controlled delivery of the drugs to Mr. Gundersen. After an attempt to reach Mr. Gundersen failed, Mr. Brooks described Mr. Gundersen and his automobile for the police. Mr. Brooks pleaded guilty pursuant to a plea bargain.

Angel Kinnaman, Mr. Brooks's daughter, who lived with him, agreed to help the police catch Mr. Gundersen by relaying a message to him – that Mr. Brooks had been

---

[2]Appellant has also filed a pro se supplemental brief, complaining about allegedly improper aspects of the prosecutor's closing argument. We hold that nothing improper occurred, and that the contention requires no further discussion.

arrested and that he, Mr. Gundersen, was to come and pick up a bag. When Mr. Gundersen called Ms. Kinnaman, she gave him the message and then contacted the police. Mr. Gundersen arrived at Ms. Kinnaman's home, knocked on the front door, and then four officers arrested him. Mr. Gundersen consented to a car search, where a small bag of methamphetamine was found, and made statements in response to the officer's questions.

Mr. Gundersen made a motion to suppress evidence from the car search and the statements he made at the time of his arrest. The District Court suppressed the fruits of the search, but not the statements, ruling that the statements were made voluntarily. During the trial, the prosecutor asked one of the arresting officers the following:

> Q:     Did Mr. Gundersen make any statements to you concerning his use of methamphetamine.
>
> A:     Yes, he did.
>
> Q:     What did he say to you about that?

Tr. 198. The defendant objected and moved for a mistrial. The Court sustained the objection, but denied the defendant's motion for a mistrial.

## II.

The defendant first argues that the District Court abused its discretion in denying his motion for a mistrial, because the prosecutor's questions about his drug use constituted misconduct so prejudicial that it denied him a fair trial. The defendant maintains that his post-arrest statements of methamphetamine use were made in response to questions related to the bag of drugs found in his car, evidence from that search was suppressed, and therefore the prosecutor's asking of the questions violated the suppression order and was prosecutorial misconduct.

-3-

It is within the discretion of the District Court, which is in a better position to judge the impact of the questions within the context of the trial, to determine whether a mistrial is proper. The remedy of a mistrial is a drastic one, and certainly not the only way an error could have been cured. Burns v. Gammon, 173 F.3d 1089, 1097 (8th Cir. 1999). Here, the question was never answered, so information that Mr. Gundersen had admitted using methamphetamine was not actually before the jury.

We cannot agree that it was an abuse of discretion to deny a mistrial in these circumstances. First of all, we do not consider the prosecutor's questions improper. The District Court's suppression order had excluded from evidence things seized during the search of the automobile. But the same order had held that post-arrest statements made by the defendant were voluntary. The order on its face did not specifically exclude evidence as to statements defendant had made. It may be that such statements would properly have been held inadmissible on the ground that they were the fruits of the unlawful search, but the issue is sufficiently near the borderline to convince us that there was no necessary impropriety in the government's attempt to get the statements into evidence. Furthermore, we believe evidence of the defendant's use of methamphetamine would have been relevant. The fact that one uses a certain drug places one in proximity to that drug, and can make it more likely than it otherwise would be, depending on the other proof in the case, that the same person was dealing in the drug. In short, we believe the District Court, in sustaining the objection, gave defendant the benefit of the doubt.

In addition, although an immediate curative instruction was neither requested nor given, a cautionary instruction of sorts was given when the jury was instructed at the close of all the evidence. The instructions included the following statement: "The following things are not evidence: 1. Statements, arguments, questions and comments by lawyers are not evidence. 2. Objections are not evidence . . .. If the judge sustains an objection to a question, ignore the question . . .." App. Addendum 2. For these

reasons, we defer to the judgment of the able District Judge that the incident was not serious enough to justify aborting the trial.

## III.

Mr. Gundersen next argues that the District Court erred when it rejected his proposed accomplice instruction. He maintains that although substantial precedent supports the conclusion that the District Court did not abuse its discretion, this Court should follow the reasoning in <u>McLendon v. United States</u>, 19 F.2d 465, 466 (8th Cir. 1927) (evidence strongly tended to prove that a witness was an accessory and accomplice; it was error not to instruct the jury on that issue, and if the jury concluded that the witness was an accomplice, then an instruction cautioning the jury as to the witness's testimony should have been given). We review the District Court's formulation of jury instructions for abuse of discretion.

Prior to charging the jury, the parties agreed that the instructions relating to Mr. Brooks's credibility were cumulative. The parties indicated which of three instructions they wanted to exclude. The Court excluded an accomplice instruction that Mr. Gundersen wanted to keep. However, the final instructions included three instructions that did the following: (1) informed the jury that Mr. Brooks had entered into a plea agreement in the hopes of receiving a reduced sentence for his cooperation with the government, and it was up to the jury to determine whether his testimony might have been influenced by that agreement; (2) advised the jury of its duty to determine testimony believability, which includes considering any motives a witness may have for testifying a certain way; and (3) reminded the jury that Mr. Brooks had pleaded guilty to a crime related to the same events, and that such evidence was presented to assist them in determining how much, if at all, to rely upon his testimony. App. Addendum 2.

We have previously addressed a similar argument regarding <u>McLendon v. United States</u>. See <u>Stoneking v. United States</u>, 232 F.2d 385, 392 (8th Cir.), <u>cert. denied</u>, 352 U.S. 835 (1956) (there was no question in the jurors' minds as to the status of the witnesses, who were named as co-defendants in the indictment, entered pleas of guilty, and testified as to the conspiracy; the failure to give an instruction cautioning the jury as to too much reliance on the testimony of an accomplice is not reversible error). "[N]o absolute and mandatory duty is imposed upon the trial court to advise the jury by instruction that they should consider the testimony of an uncorroborated accomplice with caution." <u>United States v. McMasters</u>, 90 F.3d 1394, 1403 (8th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1099 (1997), citing <u>United States v. Schoenfeld</u>, 867 F.2d 1059, 1062 (8th Cir. 1989). Furthermore, the defendant "is not entitled to a particularly worded instruction where the instructions given, when viewed as a whole, correctly state the applicable law and adequately and fairly cover the substance of the requested instruction." <u>United States v. Parker</u>, 32 F.3d 395, 400 (8th Cir.1994) (citation omitted).

The instructions given correctly stated the law and cautioned the jury as to Mr. Brooks's testimony. We cannot see that the defendant was entitled to a further instruction on the issue. The evidence about Mr. Brooks's plea agreement and testimony by Mr. Brooks that he testified in order to get a lenient sentence put the jury on notice to consider his testimony carefully. We therefore find no abuse of discretion.

## IV.

For the reasons set forth above, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-