UNITED STATES of America, Appellee,

v.

Blaze Joseph MASON, Appellant.

UNITED STATES of America, Appellee,

v.

Pamela M. SUMPTER, Appellant.

Nos. 91–3366, 92–1089.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 17, 1992.

Decided Jan. 5, 1993.

F. Lawrence Warren, Kansas City, MO, argued, for appellants.

Anita L. Mortimer, Kansas City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, and HEANEY and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellants Blaze Mason and Pamela Sumpter were named in a one-count indictment in the United States District Court for the Western District of Missouri charging both with possession and intent to distribute fifty grams or more of cocaine, 21 U.S.C. § 841(a)(1) and (b)(1). On March 29, 1991, the jury returned a verdict of guilty against both appellants. Mason was subsequently sentenced to 97 months imprisonment, with three years of supervised release. Sumpter received 41 months imprisonment, also with three years of supervised release.

The facts which led to the arrest and conviction occurred on November 7, 1990, when Detective Tully Kessler of the Platte County, Missouri Sheriff's Department received a phone call from the Dallas, Texas Narcotics Airport Detail advising him that two parties had purchased tickets in an unusual manner from a flight from Los Angeles, through Dallas and ending in Kansas City. The Dallas officers advised Detective Kessler that he should check the arriving flight from Dallas.

Based on that information, Detectives Kessler, Mark Braden and Tom Taulbee went to the Kansas City International Airport to watch for the arriving flight. Appellant Blaze Mason arrived with another man on the Dallas flight while appellant Pamela Sumpter waited at the airport for the arrival of the flight. Sumpter spoke briefly with the man traveling with Mason, then left the airport terminal in a rented car with Mason as her passenger. Detective Taulbee, who had been watching these individuals, decided to follow the Sumpter vehicle as it left the terminal. When Sumpter abruptly made a U-turn, Detective Taulbee turned on the red lights of his unmarked police car and the Sumpter car pulled to the side of the road and stopped. Detective Taulbee held his badge to the windshield of his car in order to identify himself as a police officer. At that point, Sumpter took off, driving the car at a high rate of speed. During the high speed chase on I–29 and connecting streets which lasted approximately seven minutes, Detec-

tive Taulbee observed Mason, the passenger in the car, take eight to ten plastic bags, lean out the passenger side window, rip open the bags and dump the white powder contents onto the highway. Taulbee later described the bags as each containing approximately one pound of white powder. Detective Taulbee and another officer were eventually able to force the Sumpter vehicle to pull off the highway and stop. Sumpter and Mason were then arrested and taken into custody.

## I.

Several issues are now raised in the appellants' joint appeal. First, appellant Mason argues that the trial court abused its discretion when it refused to sever his trial from Sumpter's because of prejudice resulting from (1) similar bad act evidence admitted against Sumpter and (2) Sumpter's antagonistic defense.

## A.

The prior bad act evidence at issue consisted of testimony from Detective James Sola, who stated that on November 18, 1988, he was present for the execution of a search warrant at Sumpter's brother's house where she had been staying for about two weeks. Detective Sola testified that Pamela Sumpter was one of several people present when the warrant was executed and that in excess of 129 grams of crack cocaine and eight guns were recovered from the residence. Also introduced were photographs taken of the home where the crack cocaine and drug paraphernalia were found. Pamela Sumpter stated at the time of the search that she was not aware of any drugs at the residence. Charges were never brought against Pamela Sumpter relating to this incident.

Appellant Mason now argues that he was prejudiced by the introduction of this evidence against his co-defendant. He claims that although he was in no way involved in the earlier incident, the act was attributable to him as well, simply by virtue of the joint trial.

■ The determination of a motion for severance is left to the sound discretion of the trial court, and will not be reversed absent a showing of abuse of discretion resulting in clear prejudice. *United States v. Johnson,* 944 F.2d 396, 402 (8th Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991). We have previously held that "evidence of prior criminal offenses of one defendant does not prejudice his co-defendants to the level requiring severance." *United States v. Robinson,* 774 F.2d 261, 267 (8th Cir.1985).

■ The district court ruled that evidence of the 1988 incident was admissible under Fed.R.Evid. 404(b) as proof of intent, knowledge or lack of mistake. The evidence was accompanied by the court's instruction to the jury that it was to be considered against Sumpter only and was not to be applied in any way to Mason. Furthermore, the evidence was sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against Sumpter only. *See id.* at 266. We conclude that the admission of the 404(b) evidence did not require a severance of the trial.[1]

## B.

■ Mason also contends that the district court erred in failing to grant his motion to sever the trial because Sumpter's defense was antagonistic and therefore prejudicial to his own defense. Sumpter testified that she was unaware that Mason had cocaine on his person until she stopped

---

1. We also reject appellant Sumpter's argument that the prior bad act evidence was improperly admitted because it was irrelevant to the charges brought in the present case. We agree with the district court that the offered evidence was probative on the issues of intent, knowledge or lack of mistake and was therefore admissible under Fed.R.Evid. 404(b). Sumpter intended to take the position that she was present with Ma-

son but was unaware that he possessed the cocaine. Two years earlier, she had taken the similar position that she was in the presence of a significant amount of cocaine but was unaware of the existence of any drugs. We conclude the district court did not abuse its broad discretion in determining the admissibility of this evidence. *See United States v. Newton,* 912 F.2d 212, 214 (8th Cir.1990).

the car in response to the police car lights. She testified that once she stopped the car Mason stated, "Are you crazy? I have got coke on me." In response, Sumpter sped off in a failed attempt to evade arrest. She testified that during the chase Mason instructed her to keep driving while he threw the cocaine out the window.

We have previously held that the "existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable." *United States v. Johnson, supra,* 944 F.2d at 402. A defense is considered irreconcilable when "the jury, to believe the core of one defense, must necessarily disbelieve the core of another. The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." *Id.* at 403.

Here, Sumpter's defense was not so antagonistic as to require a severance of the trial. Mason does not argue that Sumpter's defense would "inescapably inculpate him." *See United States v. DeLuna,* 763 F.2d 897, 921 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). Rather, Sumpter's defense was antagonistic only because she claimed she knew nothing about the presence of the cocaine. Severance of the trial was not required under these circumstances.

■ Even assuming we conclude a severance would have been appropriate for any of the reasons given by Mason, either alone or combined, reversal is not required. The defendant who successfully establishes abuse of discretion in refusing to grant a severance must then establish that he was prejudiced by that decision. To establish prejudice, the defendant must show an appreciable chance that he would not have been convicted had separate trials been granted. *United States v. Bostic,* 713 F.2d 401, 403 (8th Cir.1983). There has been no showing, nor can there be in this case, that the denial of severance affected the jury verdict against Mason in light of the overwhelming evidence of his guilt. Detective Taulbee personally observed Mason discard several bags of white powder, which was later proven to be cocaine, from the window of the car during the chase. This evidence convinces us that the same verdict would have been returned had the district court agreed to try Mason separately.

## II.

Next, both appellants contest the district court's decision to sentence them on the basis of 2.5 kilograms of cocaine when only a small portion of that amount was actually produced at trial. At trial, Detective Taulbee testified that he witnessed appellant Mason throw eight to ten plastic bags, each containing an equivalent of approximately one pound of powder, from the car window during the seven minute chase. However, not all of the bags were recovered from the highway and only approximately sixty grams of cocaine were produced at trial. The appellants' sentences were eventually based upon 2.5 kilograms of cocaine, a conservative estimate based upon the plastic bags actually recovered from the highway rather than the number of plastic bags Detective Taulbee testified he had seen thrown from the car.

■ A district court's determination of the quantity of drugs to be used for sentencing purposes is a factual finding and is subject to the clearly erroneous standard of review. *United States v. Nash,* 929 F.2d 356, 358 (8th Cir.1991). In addition, U.S.S.G. § 2D1.1, comment. (n. 12),[2] directs that "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."

■ We conclude the appellants' argument does not meet the onerous burden of the clearly erroneous standard. The testimony of Detective Taulbee regarding the amount of cocaine he personally observed, coupled with the conservative drug quantity actually attributed to the appellants, more than adequately supports the trial court's sentencing determination.

---

2. U.S.S.G. § 2D1.1, comment. (n. 12) was previously numbered § 2D1.4, comment. (n. 2). The text remains, in relevant part, unchanged. *See* U.S.S.G. App. C, Amendment 447 (1992).

We quickly dispose of the appellants' challenge to the "relevant conduct" sections of the Sentencing Guidelines as being unconstitutionally vague. The appellants' sentences were not based on "relevant conduct," but instead were based solely on the count of conviction. We also reject Sumpter's claim that her trial counsel was ineffective for failing to present expert testimony regarding her defense of coercion. The facts, as presented by Sumpter's own trial testimony, are entirely inconsistent with any defense of coercion.

For the foregoing reasons, the judgment of the district court is affirmed.