**UNITED STATES of America, Appellee,**

v.

**Rodney L. SHIVERS, Appellant.**

No. 95–1458.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1995.

Decided Sept. 21, 1995.

**939**

John R. Cullom, Kansas City, MO, for appellant.

D. Michael Green, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and BEAM, Circuit Judge.

PER CURIAM.

Rodney L. Shivers and his co-defendant Edgar L. Valentine both were charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1988) and with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Shivers moved to sever his trial from that of Valentine. The District Court[1] denied this motion. After trial by jury, Shivers and Valentine were convicted of both counts. Shivers was sentenced to seventy-eight months imprisonment. Shivers now appeals his conviction arguing that his severance motion should have been granted by the District Court. We affirm.

At trial, the evidence showed that Detective Paul Carrill received a tip from a Houston, Texas narcotics detective concerning a flight from Houston to Kansas City, Missouri. As a result of that conversation, Carrill went to the Kansas City airport to observe the passengers deplane. Carrill observed Valentine leaving the gate area carrying a duffel bag. Next, Valentine approached Shivers who was standing by the exit door. The men did not exchange greetings or shake hands. Shivers and Valentine left the airport in a car waiting for them at curbside. The car was driven by Lisa Brooks. Carrill followed behind and observed the car traveling at a rate below the speed limit. When the car stopped at a nearby McDonald's, Carrill approached Valentine for questioning.

As the discussion progressed, Valentine appeared nervous. Carrill asked Valentine if he could search his luggage and Valentine consented. Inside Valentine's duffel bag, Carrill found $12,000 in cash stuffed in two tennis shoes. Later, Carrill asked for consent to search the car, and consent was given. In the front passenger seat of the car, Carrill found Shivers sitting with a shoe box at his feet. The box contained three bundles of cocaine.

Shiver's sole argument on appeal is that the District Court abused its discretion in denying his motion for severance of his trial from that of his co-defendant Edgar Valentine. As our starting point, we note that the Supreme Court has stated a clear preference "for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, ——, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993). Moreover, in *United States v. Swinney*, 970 F.2d 494, 500 (8th Cir.1992), *cert. denied*, —— U.S. ——, ——, 113 S.Ct. 632, 1650, 121 L.Ed.2d 563, 123 L.Ed.2d 271 (1993), we stated that "[o]rdinarily, coconspirators are tried together when the charges against them, as here, are based on the same acts or evidence." Whether a motion for severance is to be granted lies within the discretion of the trial court, *United States v. Wint*, 974 F.2d 961, 966 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1001, 122 L.Ed.2d 151 (1993), and we will not reverse a district court's denial of a motion for severance "absent an abuse of discretion resulting in clear prejudice." *United States v. Johnson*, 944 F.2d

1. The Honorable Joseph E. Stevens, Jr., then Chief Judge of the United States District Court for the Western District of Missouri and now Senior United States District Judge for the same court.

396, 402 (8th Cir.), *cert. denied,* 502 U.S. 1008, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991), 502 U.S. 1078, 112 S.Ct. 983, 117 L.Ed.2d 146, *and* 504 U.S. 977, 112 S.Ct. 2951, 119 L.Ed.2d 574 (1992).

 In order to show prejudice, "a defendant must establish something more than the mere fact that his chance for acquittal would have been better had he been tried separately. He must affirmatively demonstrate that the joint trial prejudiced his right to a fair trial." *Wint,* 974 F.2d at 965–66 (quoting *United States v. O'Connell,* 841 F.2d 1408, 1432 (8th Cir.) (citations omitted), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2857, 101 L.Ed.2d 893 (1988) *and* 488 U.S. 1011, 109 S.Ct. 799, 102 L.Ed.2d 790 (1989). A defendant "can show real prejudice either by showing that [his] defense is irreconcilable with the defense of his codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." *United States v. Gutberlet,* 939 F.2d 643, 645 (8th Cir.1991).

We are satisfied that in the present case Shivers's and Valentine's defenses were not irreconcilable. Rather, the jury was free to disbelieve, as it obviously did, both of their shift-the-blame-to-the-other-defendant stories. The evidence showed that when apprehended, Shivers was found with a shoe box full of cocaine at his feet on the passenger seat floor. He claimed that Valentine had handed several bundles to him, and that he had accepted them without knowing that they contained cocaine, and then he placed them in the box. Valentine was found with $12,000 in cash in his duffel bag. Valentine testified that he never saw the cocaine until Carrill removed the box containing the drugs from the car. Not surprisingly, Valentine denied any knowledge that cocaine was present in the car or that he was engaged in drug trafficking.

 It is clear that Shivers's version of the events is aimed at pointing the finger at Valentine, but, "[t]he mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." *Johnson,* 944 F.2d at 403. While Shivers's position essentially is "I did not know what Valentine handed me was cocaine" and Valentine's position is "I did not give the cocaine to Shivers, nor did I know that there was cocaine in the car," "[t]he existence of antagonistic defenses does not require severance unless the defenses are actually irreconcilable." *Id.* at 402. Put simply, mere hostility between defendants or one defendant's attempt "to save himself at the expense of another" codefendant is not a sufficient ground to require severance. *United States v. Boyd,* 610 F.2d 521, 526 (8th Cir.1979), *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980). Accordingly, Shivers has failed to show that he suffered any prejudice, much less the clear prejudice required by *Johnson,* as a result of the denial of his severance motion. *See also United States v. Mason,* 982 F.2d 325, 328 (8th Cir.1993) (holding defenses not antagonistic where one defendant claimed he did not know of cocaine's presence in car until codefendant threw it out of car window, and there was overwhelming evidence of each defendant's guilt such that a conviction would have been obtained in a separate trial). As in *Mason,* here the evidence against both defendants was abundant, and Shivers fails to show that his chances for an acquittal would have been appreciably greater in a separate trial. Moreover, Shivers makes no showing that the jury was not able to compartmentalize the evidence against each codefendant.

We therefore conclude that the District Court did not abuse its discretion in refusing to sever the trials of Shivers and Valentine. The judgment of the District Court is affirmed.