No. 95-2829

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　*　 Appeal from the United States
　　　v.　　　　　　　　　　　　 *　 District Court for the
　　　　　　　　　　　　　　　　　*　 District of North Dakota.
Kenneth Howard Koskela,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　*

Submitted:  March 12, 1996

Filed:  June 10, 1996

Before FAGG, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Kenneth Howard Koskela appeals his conviction for conspiracy, theft of firearms, and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 371, 922, and 924.  We affirm.

**I.**

In February 1994, Floyd Shulze, who was free on bond from previous federal firearms violations, conceived a plan to burglarize the Dakota Lawman Supply Company (Dakota Lawman), a federally licensed firearms dealer in Bismarck, North Dakota.  Shulze proposed this scheme to Koskela and Susan Dokken, Shulze's girlfriend, as a means to replenish their exhausted cocaine supply.  Both Shulze and Koskela had prior burglary convictions.

At 10:24 p.m., on February 24, 1994, a 911 operator received an emergency call from a man who would not give his name.  The caller falsely reported a car accident east of Bismarck.  Shortly

after that call, Dakota Lawman, located on the west side of Bismarck, was burglarized and sixty handguns were stolen.

Shulze and Koskela were tried together on a ten-count indictment. Shulze was charged with all ten counts, Koskela with four -- theft of firearms, conspiracy, being a felon in possession of a firearm, and being a felon in possession of a semi-automatic weapon. In accordance with her plea agreement, Dokken testified to the details of the burglary. She stated that on the night of the burglary Shulze stole a white pickup truck while she and Koskela waited in Shulze's van. Koskela and Shulze then drove the pickup to Dakota Lawman while Dokken waited in the van at a rendezvous point outside Bismarck. Approximately fifteen minutes later, Shulze and Koskela arrived. Shulze drove the stolen pickup into a snow bank and then loaded four to five duffle bags from the pickup into the van. The group then returned to their hotel, where they examined the stolen firearms.

Dokken further testified that she, Shulze, and Koskela next rented a Pontiac Grand Am and drove to Colorado, where Shulze met with a third party while Koskela and Dokken waited in a bar. When Dokken and Koskela returned to their hotel room, they noticed that the duffle bags were gone. Shulze explained that he had traded the guns for six or seven ounces of cocaine. Shulze gave Dokken and Koskela a portion of the cocaine for their part in the burglary. The three then returned to Fargo, North Dakota, where Koskela split from the group. Two firearms were brought back from Colorado; Koskela kept one and Shulze the other.

Dokken's testimony was corroborated by several witnesses, including Koskela's uncle, who testified that the voice on the 911 call sounded like Koskela's, and Koskela's friend, who testified that after the burglary he saw a gun in a bag of clothes belonging to Koskela and that he and Koskela had had a conversation in which Koskela admitted involvement in the burglary.

As the jurors were retiring to deliberate, Shulze picked up a water pitcher from the defense table, yelled "you'd better [expletive] convict us both," and threw the pitcher at the jury, striking one juror on the arm. The prosecutor requested that the court instruct the jury to disregard the incident; Koskela's counsel moved for a mistrial.

Immediately following this incident, and in the absence of counsel and the defendants, the district judge entered the jury room and instructed the jury as follows:

> Please, try to put that out of your mind. I am concerned that you might be so upset at what was done and said that you will prejudice the other defendant in this action. And, if possible, please keep in mind that this is a high-tension process for a defendant who has had to sit and listen to counsel describe and listen to me lay out rules of law, and I am -- I'm almost begging you to put this out of your mind so that the incident does not taint the result and cause a problem to me in the future. So, please, understand the tension that people are under and possibly also understand that sometimes people do things for a purpose that we don't always appreciate.

The jury convicted Koskela on the charges of theft of firearms, conspiracy, and being a felon in possession of a firearm. It acquitted him on the charge of being a felon in possession of a semi-automatic weapon. The district court denied Koskela's motion for a new trial based on Shulze's outburst and the district court's instruction to the jury in Koskela's absence.

## II.

The decision whether to grant a mistrial is committed to the sound discretion of the district court, and we will reverse only if we find an abuse of discretion resulting in clear prejudice. United States v. Miller, 995 F.2d 865, 866 (8th Cir.), cert. denied, 114 S. Ct. 618 (1993).

Koskela's claims of prejudice are two-fold.  First he argues that he was prejudiced by Shulze's statement and conduct.  As a general rule, a cautionary instruction advising the jury not to allow a disruptive co-defendant's behavior to impact the decision regarding other defendants affords sufficient protection against undue prejudice.  See United States v. Brown, 605 F.2d 389, 392 (8th Cir. 1979), cert. denied, 444 U.S. 972 (1979); United States v. Smith, 578 F.2d 1227, 1236 (8th Cir. 1978) (cautionary instruction was sufficient to prevent any prejudice caused by co-defendant's interjections throughout trial that testimony was "a [expletive] lie" and that proceedings were "kangaroo court"); United States v. Marshall, 458 F.2d 446, 448-452 (2d Cir. 1972) (cautionary instruction sufficient to cure prejudice when defendant hurled a water pitcher at the prosecutor, threw a chair toward the jury, cut his wrists with a razor blade, and directed obscenities and accusations toward the court, witnesses, and the prosecutor).  We must assume that the jury followed such an instruction.  See United States v. Fregoso, 60 F.3d 1314, 1328 (8th Cir. 1995) (jury is presumed to have followed judge's instructions).  In this case, the district court's instruction cautioning the jury to disregard the incident was adequate to mitigate any potential prejudice.  Moreover, the jury's acquittal of Koskela on one count indicates that the incident was not so overwhelming so as to render the jury incapable of properly considering each charge against each defendant.  See United States v. Caldwell, ___ F.3d ___, ___ (8th Cir. 1996), No. 95-3155, slip op. at 4 (May 3, 1996).

Koskela's next contention concerns the method rather than the substance of the district court's instruction.  Specifically, he argues that the district court's ex parte communication with the jury was prejudicial error.  Indeed, communications between judge and jury in the absence of the defendant and his counsel are improper and presumptively prejudicial.  This presumption may be overcome, however, by a clear indication of an absence of prejudice.  United States v. Dockter, 58 F.3d 1284, 1287 (8th Cir.

-4-

1995), cert. denied, 116 S. Ct. 932 (1996). Without question, the district court's cautionary instruction in this case should have been given in the presence of the defendants, their attorneys, and the prosecutor. We have frequently held that it is error to instruct the jury outside the presence of the defendant and counsel. Thus, the district court erred in so doing. The nature of the instruction was not prejudicial, however. Indeed, the instruction's purpose and presumed effect were to prevent any potential prejudice. Cf. Dockter, 58 F.3d at 1288 (finding no prejudice in court's ex parte instruction to jury concerning the meaning of "knowingly," when instruction provided accurate description of the law). We conclude, therefore, that the error was not prejudicial but was harmless, and that the district court did not err in denying the motion for new trial.

## III.

Koskela next claims that the district court erred in refusing to bifurcate the felon-in-possession charge. Specifically, Koskela urged the court to exclude evidence of his prior criminal record until the jury first found that he had possessed a firearm. We reject this argument. See United States v. Dean, 76 F.3d 329, 332 (10th Cir. 1996) (holding that defendant is not entitled to bifurcation of felon-in-possession charge); United States v. Jacobs, 44 F.3d 1219, 1222 (3d Cir.) (same), cert. denied, 115 S. Ct. 1835 (1995); United States v. Birdsong, 982 F.2d 481, 482 (11th Cir.) (same), cert. denied, 508 U.S. 980 (1993); see also United States v. Milton, 52 F.3d 78, 80-81 (4th Cir.) (holding that bifurcation of felon-in-possession charge is impermissible), cert. denied, 116 S. Ct. 222 (1995); United States v. Barker, 1 F.3d 957, 959 (9th Cir. 1993) (same); United States v. Collamore, 868 F.2d 24, 28 (1st Cir. 1989) (same).

**IV.**

We next address Koskela's claim that the district court erred in denying his motion for severance of his trial from Shulze's. To obtain a reversal, Koskela must show that the district court abused its discretion in denying the severance motion and that the refusal resulted in severe or compelling prejudice. United States v. Rimell, 21 F.3d 281, 289 (8th Cir.), cert. denied, 115 S. Ct. 453 (1994). Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that he would have had in a severed trial. United States v. Blum, 65 F.3d 1436, 1443 (8th Cir. 1995), cert. denied, 116 S. Ct. 824 (1996).

Koskela points to the disparity in the evidence, arguing that the far more damaging evidence against Shulze spilled over to taint the jury's consideration of Koskela's guilt. We have held that conspiracy defendants generally should be tried together; a simple disparity in the weight of the evidence against two defendants does not entitle one to severance. United States v. Pecina, 956 F.2d 186, 188 (8th Cir. 1992). Rather, to establish prejudice Koskela must prove either that his defense was irreconcilable with Shulze's or that the jury was incapable of compartmentalizing the evidence as it related to the two defendants. United States v. Gutberlet, 939 F.2d 643, 645 (8th Cir. 1991).

We find no prejudice in this case. Koskela's defense that if he participated at all it was as a drug-addicted pawn, blindly following Shulze's directions in order to obtain more drugs, is not irreconcilable with Shulze's apparent defense of actual innocence. In fact, Shulze's attorney attempted to cast doubt on the defendants' guilt by offering a theory that Dakota Lawman employees were responsible for the firearms theft. If anything, Shulze's defense bolstered Koskela's claim of innocence. Koskela has also failed to convince us that the jury was incapable of compartmentalizing the evidence. As we have stated previously,

Koskela's acquittal on one count demonstrates that the overwhelming evidence against Shulze did not prevent the jury from carefully considering each claim against each defendant.  See United States v. Long, 977 F.2d 1264, 1274 (8th Cir. 1992) (acquittal on one count demonstrates jury's ability to compartmentalize evidence).  Moreover, as we discuss below, the record reveals ample evidence supporting Koskela's conviction on each count.  Thus, the district court did not abuse its discretion in refusing to grant Koskela's severance motion.

**V.**

Koskela argues that the evidence is insufficient to sustain his conviction.  On appeal, we review the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences that may be drawn from the evidence.  See United States v. Quintanilla, 25 F.3d 694, 699 (8th Cir.), cert. denied, 115 S. Ct. 457 (1994).

After reviewing the record in light of this standard, we find more than sufficient evidence to support Koskela's conviction on each count. Dokken's testimony tied Koskela to each step of the conspiracy.  Although she did not see Koskela break into Dakota Lawman, her testimony that Koskela was present when the plan was discussed, that he accompanied Shulze to Dakota Lawman on the night of the burglary, that he arrived shortly thereafter with a truck full of stolen firearms, and that he was compensated with cocaine for his role in the burglary was sufficient to allow the jury to infer that Koskela conspired to break into Dakota Lawman and steal firearms, and that, at the very least, he aided and abetted the theft.  See 18 U.S.C. §§ 2 (aider and abettor punishable as principal). Moreover, this is not a case of uncorroborated co-defendant testimony.  In addition to the testimony of Koskela's friend and Koskela's uncle, the details of Dokken's testimony were supported by abundant evidence.  For example, a motel employee

testified that Koskela registered at the motel identified by Dokken; a friend of Shulze's testified to having rented a Grand Am for Shulze; and a stolen white pickup truck was discovered as Dokken had described. Finally, although no direct evidence was offered that Koskela possessed any of the sixty stolen firearms, sufficient circumstantial evidence supported a finding of constructive or joint possession, if not actual possession. See United States v. Boykin, 986 F.2d 270, 274 (8th Cir.) (conviction under § 922(g) can be based on constructive or joint possession), cert. denied, 114 S. Ct. 241 (1993).

## VI.

Koskela's final argument that his sentence was improperly enhanced as an armed career offender pursuant to 18 U.S.C. § 924(e) is foreclosed by Dockter, 58 F.3d at 1289.

Koskela's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.