———————————

No. 95-3356ND
———————————

United States of America,          *
                                   *
            Appellee,              *     Appeal from the United States
                                   *     District Court for the District
    v.                             *     of North Dakota.
                                   *
Floyd Wesley Shulze,               *            [UNPUBLISHED]
                                   *
            Appellant.             *

———————————

Submitted: February 13, 1997

Filed: March 6, 1997

———————————

Before McMILLIAN, JOHN R. GIBSON, and FAGG, Circuit Judges.

———————————


PER CURIAM.


     Floyd Wesley Shulze appeals his weapons-related convictions and guidelines sentence.  Relying on <u>United States v. Lopez</u>, 115 S. Ct. 1624 (1995), Shulze raises a Commerce Clause challenge to the constitutionality of the interstate weapons charges.  Because the provisions under which Shulze was charged contain an interstate commerce requirement, Shulze's argument is foreclosed by our recent opinions.  <u>See</u> <u>United States v. Bates</u>, 77 F.3d 1101, 1103-04 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 215 (1996); <u>United States v. Shelton</u>, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam), <u>cert. denied</u>, 116 S. Ct. 1364 (1996).  Shulze's contention that the district court improperly considered predicate felonies for which Shulze's civil rights had been restored is similarly foreclosed by our decision in <u>United States v. Dockter</u>, 58 F.3d 1284, 1289-91 (8th Cir. 1995), <u>cert. denied sub nom.</u>, <u>Shulze v. United States</u>, 116 S. Ct. 932 (1996).  We also reject Shulze's contention that the enhancement to his sentence for crimes committed while he was on

bail violates double jeopardy.  See <u>United States v. Lincoln</u>, 956 F.2d 1465, 1473 (8th Cir. 1992); <u>United States v. Thomas</u>, 930 F.2d 12, 13–14 (8th Cir. 1991).  Finally, Shulze challenges the sufficiency of the evidence to support his conviction for bartering stolen weapons.  Contrary to Shulze's view, there is overpowering evidence that Shulze bartered stolen weapons for cocaine.  See <u>United States v. Koskela</u>, 86 F.3d 122, 126 (8th Cir. 1996) (evidence against Shulze characterized as "overwhelming").  The court declines to consider the supplemental citations raised in Shulze's correspondence with his counsel.  This matter is best presented in a motion under 28 U.S.C. § 2255.  We thus affirm Shulze's convictions and sentence.

JOHN R. GIBSON, Circuit Judge, concurs in the result and in the judgment in this case.

    A true copy.

        Attest:


            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.