[No. 56179-1-I.   Division One.   July 31, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY E. WOLF, *Appellant*.

*Oliver R. Davis* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Scott F. Leist, Deputy*, for respondent.

¶1 Cox, J. — Evidence for a criminal conviction is sufficient where "after viewing the evidence most favorable to

the State, any rational trier of fact could have found the essential elements of [the crime] beyond a reasonable doubt."[1] The State has this burden to prove a criminal charge.[2] But a defendant may waive this proof requirement to the extent that he or she stipulates to an element of a charged crime.[3] Here, the charge was that Gary Wolf was a felon in possession of a firearm. He stipulated to a necessary element of that charge: having been convicted of a prior serious offense. He did so in order to keep the name of the offense from the jury in this case.[4] The stipulation was never admitted into evidence. But by stipulating to the element, he waived the right to put the State to its burden of proof. There being no other argument in this case requiring reversal, we affirm.

¶2 Responding to a late night 911 call reporting a possible assault in an alley, the police found Wolf next to a stalled SUV (sport utility vehicle). Christina Eakins was in the driver's seat. Upon questioning, Wolf presented a driver's license in the name of Roger Eakins, Christina Eakins' father. After learning that there was a no-contact order in place between Eakins and her father, the police arrested Wolf, who they thought was Roger Eakins, for violating it. In a search incident to arrest, the police discovered a gun under the seat of the vehicle. Wolf told the officers the gun belonged to him. Because Roger Eakins was also a convicted felon, the police arrested Wolf for being a felon in possession of a firearm. Following a subsequent fingerprint check, police discovered Wolf's true identity. They also learned that Wolf was a convicted felon and that there was also a court order in place prohibiting his contact with Eakins.

---

[1] *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980) (emphasis omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

[2] *In re Winship*, 397 U.S. 358, 361-64, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Smith*, 155 Wn.2d 496, 502, 120 P.3d 559 (2005).

[3] *United States v. Harrison*, 340 U.S. App. D.C. 198, 204 F.3d 236, 240 (2000).

[4] *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) (holding that, in a "felon in possession of a firearm" prosecution, the trial court abused its discretion in allowing evidence of name and nature of the prior assault offense where accused offered to stipulate to prior conviction).

¶3 The State charged Wolf with unlawful possession of a firearm (UPFA) in the second degree and domestic violence—misdemeanor violation of a court order. After the charge, Wolf continued to violate the no-contact order, and the State added two counts of domestic violence—misdemeanor violation of a court order. Subsequently, the State amended the initial charges to UPFA in the first degree and domestic violence felony violation of a court order.

¶4 Wolf pleaded guilty to the two misdemeanor violation-of-a-court-order counts. For purposes of the UPFA count, Wolf stipulated that he had previously been convicted of a serious offense.[5] He did so prior to voir dire. Before the pretrial hearing, Wolf agreed that the fact of the stipulation would be included in a jury instruction.

¶5 The court denied Wolf's motion to sever the two charges which had been joined for trial. During the presentation of the evidence, no one read Wolf's stipulation to the jury. The jury convicted Wolf of unlawful possession of a firearm in the first degree and felony violation of a domestic violence court order.

¶6 This appeal followed.

## WAIVER

¶7 Wolf argues that the jury lacked sufficient evidence to find him guilty beyond a reasonable doubt of UPFA. Specifically, he maintains that the State failed to prove that he had been convicted of a prior serious offense, a necessary element of the charged offense, because the State failed to offer his stipulation into evidence. It is undisputed that the State did not offer the stipulation into evidence and that the fact of the stipulation was part of a jury instruction that the court read to the jury.

---

[5] RCW 9.41.040(1)(a) reads:

A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the first degree, if the person owns, has in his or her possession, or has in his or her control any firearm *after having previously been convicted* [or found not guilty by reason of insanity] *in this state or elsewhere of any serious offense* as defined in this chapter.

(Emphasis added.)

¶8 While Wolf argues that he raises a sufficiency of evidence question, that is not the dispositive issue. Rather, the dispositive issue is whether he waived the requirement that the State prove the element he now contests by stipulating to that element.

██ ¶9 The premise of the waiver theory is that upon entering into a stipulation on an element, a defendant waives his right to put the government to its proof of that element.[6] "A stipulation is '[a]n express waiver . . . conceding for the purposes of the trial the truth of some alleged fact,' with the effect that 'one party need offer no evidence to prove it and the other is not allowed to disprove it.' "[7]

¶10 It is well settled in cases that have considered the issue that a defendant, by entering into a stipulation, waives his right to assert the government's duty to present evidence to the jury on the stipulated element.[8] We hold that Wolf waived the right to put the State to its burden of proof on the element of having previously been convicted of a serious offense by his written stipulation.

¶11 In three cases directly on point, the Fifth, Eleventh, and District of Columbia Circuit Courts of Appeals have held that a stipulation waives the government's burden to introduce evidence on that stipulation, including a reading to the jury of the stipulation itself.[9]

---

[6] *Vander Linden v. Hodges*, 193 F.3d 268, 279-80 (4th Cir. 1999) (quoting 9 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2588, at 821 (James H. Chadbourn rev. ed. 1981) and citing 2 MCCORMICK ON EVIDENCE § 254, at 142 (John W. Strong ed., 4th ed. 1992) (stipulations "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact")).

[7] *Key Design, Inc. v. Moser*, 138 Wn.2d 875, 893-94, 983 P.2d 653 (1999) (emphasis omitted) (quoting 9 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 2588, at 821 (James H. Chadbourn rev. ed. 1981)).

[8] *See, e.g., United States v. Meade*, 175 F.3d 215, 223 (1st Cir. 1999); *United States v. Melina*, 101 F.3d 567, 572 (8th Cir. 1996); *United States v. Mason*, 85 F.3d 471, 472 (10th Cir. 1996); *United States v. Keck*, 773 F.2d 759, 769-70 (7th Cir. 1985); *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976) (per curiam).

[9] *United States v. Hardin*, 139 F.3d 813, 816 (11th Cir. 1998); *United States v. Branch*, 46 F.3d 440, 442 (5th Cir. 1995); *Harrison*, 204 F.3d 236.

¶12 In *United States v. Hardin*,[10] the defendant was charged with violating the federal UPFA statute and stipulated to a prior conviction. Despite reference to the stipulation during voir dire and arguments, the stipulation was never read to the jury.[11] The court concluded that "[the defendant] waived his right to have the government produce evidence of his felon status, including the stipulation itself" and thus had "no legal or equitable basis to contest the government's mistake."[12]

¶13 The Fifth Circuit reached the same result in *United States v. Branch*.[13] The defendant was convicted of bank fraud. He had stipulated that a number of the financial institutions involved were federally insured, a necessary element of the crime, but the stipulation was never read to the jury. The Court of Appeals affirmed on waiver grounds: "Once a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties. Appellant . . . cannot now claim that the government failed to offer evidence on an element to which he confessed."[14]

¶14 Subsequently, in *United States v. Harrison*, the District of Columbia Circuit discussed both *Branch* and *Hardin* in rejecting Harrison's argument that his conviction for unlawful possession of a firearm should be reversed because his stipulations to two elements of the offense were not read to the jury.[15] *Harrison* also noted that, though the Ninth and Fourth Circuits have, at first blush, appeared to disagree with the reasoning of *Hardin* and *Branch*, those cases are distinguishable.[16]

---

[10] *United States v. Hardin*, 139 F.3d 813 (11th Cir. 1998).

[11] *Id.* at 814.

[12] *Id.* at 816-17.

[13] *United States v. Branch*, 46 F.3d 440 (5th Cir. 1995).

[14] *Id.* at 442 (citing *United States v. Harper*, 460 F.2d 705, 707 (5th Cir. 1972); *Poole v. United States*, 832 F.2d 561, 565 (11th Cir. 1987)).

[15] *United States v. Harrison*, 340 U.S. App. D.C. 198, 204 F.3d 236, 241-42 (2000).

[16] *Id.* at 241.

¶15 First, in *United States v. James*,[17] the Ninth Circuit reversed a conviction for the State's complete failure to introduce evidence on a stipulated element of the crime. The record showed that the parties had agreed to a stipulation on an aspect of the case, but the stipulation was neither mentioned to the jury nor placed in the record. The Court of Appeals could not, therefore, have inferred that the stipulation was sufficient to satisfy the element.[18] Although the court further noted that "the stipulation was never entered into evidence or read to the jury" so that there was "no fact in evidence that the jury could take as proved,"[19] it is not clear what distinction the court meant to draw with this statement. Under the facts of that case, it did not matter because the stipulation was not available to review on appeal.

¶16 Second, in *United States v. Muse*,[20] the court's opinion includes language that appears to require that a stipulation be read to the jury, but that language is dicta.[21] Though the court arguably contemplated a formal reading to the jury of all necessary stipulations, that issue was not before the court. The stipulation was read aloud in *Muse*[22]—the actual issue was the propriety of a jury instruction.[23] Therefore, while the *Muse* court accurately described normal trial practice to include the reading of stipulations, it had no occasion to consider the situation now before us.

¶17 In discussing this issue, *Harrison* stated, "there is little to be gained from holding that a stipulation, which

---

[17] 987 F.2d 648 (9th Cir. 1993).

[18] *Id.* at 650-51.

[19] *Id.* at 651.

[20] 83 F.3d 672 (4th Cir. 1996).

[21] *See Hardin*, 139 F.3d at 817 (holding that references to reading stipulations in *Muse* are dicta); *see also United States v. Jackson*, 124 F.3d 607, 617 n.8 (4th Cir. 1997) (questioning the validity of *Muse*).

[22] 83 F.3d at 678.

[23] *Id.* at 677.

unarguably waives a defendant's right to require the government to produce any evidence regarding that stipulation, nevertheless fails to waive the defendant's right to require that stipulation to be read to the jury."[24] While acknowledging that the prosecution's failure to read a stipulation to the jury may not be good trial practice, the court noted "nothing in either law or logic compels us to reverse a conviction when the defendant enters into a stipulation on an element and then seeks a windfall from the government's failure to formally read the stipulation to the jury."[25]

¶18 Here, prior to trial, Wolf and the State entered into a written stipulation that Wolf had previously been convicted of a serious offense: "The undersigned parties hereby stipulate for the purposes of the trial in the above captioned case that the defendant has previously been convicted of a serious offense." The parties discussed the stipulation and agreed that it would be presented to the jury in the form of a jury instruction. The wording of the instruction that was given to the jury was nearly identical to the stipulation itself: "The parties hereby stipulate for the purposes of the trial . . . that the defendant has previously been convicted of a serious offense."[26] The stipulation was also mentioned by both parties in closing argument.[27]

¶19 By having stipulated to a necessary element of the charged crime, Wolf waived the right to require the State to prove that element beyond a reasonable doubt. There is no persuasive distinction here from the rule set down in *Harrison* and the other cases we have cited in which the courts were faced with the identical issue.

---

[24] *Harrison*, 204 F.3d at 242.

[25] *Id.* at 242.

[26] Jury Instruction 7.

[27] The Ninth Circuit has held that a concession made during closing argument is a binding judicial admission that may not be challenged on appeal. *United States v. Bentson*, 947 F.2d 1353, 1355 (9th Cir. 1991); *accord In re Disciplinary Proceeding Against Lynch*, 114 Wn.2d 598, 603, 789 P.2d 752 (1990) ("In the course of his argument and in response to questions from the court, he made certain statements which are binding against him as judicial admissions.").

¶20 Wolf's argument that a jury instruction does not constitute "evidence" is inapposite. Having stipulated to a necessary element of the charge, there was no requirement for the State to present any evidence on that element.

¶21 The cases on which Wolf relies do not stand for the proposition that a stipulation must be read to the jury during the evidence portion of the trial. *Old Chief v. United States*[28] and *State v. Johnson*[29] hold that a defendant may elect to stipulate to the existence of a prior criminal conviction rather than allow the jury to hear the specific nature of the conviction. Wolf did so in this case. But having done so, Wolf now "has no legal or equitable basis to contest the government's [failure to read the stipulation to the. jury]. He received [the] benefit of the bargain—prejudicial information about his prior conviction never entered into the jury's deliberations."[30]

¶22 It is unnecessary for us to decide how a trial court should deal with a written stipulation of the parties to an element of a charged crime. Here, the parties agreed that the stipulation would be included in a jury instruction. It is also conceivable that a court might simply tell the jury that certain matters have been the subject of a stipulation and that the jury need not concern itself with such matters. It is also possible that the parties might choose to tailor pattern jury instructions to the specifics of their cases, with the limitations of those instructions in mind.[31] In any event, these questions are not before us and we do not decide them.

¶23 We conclude that Wolf waived the right to put the State to its burden of proof on the element to which he stipulated. Having resolved the dispositive issue, we need not reach the State's invited error argument.

---

[28] *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997).

[29] *State v. Johnson*, 90 Wn. App. 54, 63, 950 P.2d 981 (1998).

[30] *Hardin*, 139 F.3d at 817.

[31] *See, e.g.*, 6 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 6.10.01 and 6.10.02 (5th ed. 2005). But note the comments to those pattern instructions.

¶24 We affirm the judgment and sentence.

¶25 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.

SCHINDLER, A.C.J., and COLEMAN, J., concur.

Review denied at 160 Wn.2d 1015 (2007).