# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51093-6-II |
| Respondent, | |
| v. | |
| ANGELA MARIE JANTZI, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — After a trial on stipulated facts, Angela Jantzi was convicted of three counts of second degree burglary,[1] one count of first degree possession of stolen property,[2] and one count of third degree retail theft with special circumstances.[3] Jantzi appeals, arguing that because the trial court did not formally admit evidence at the stipulated facts trial, there was insufficient evidence to find her guilty, and alternatively argues that the trial court erred when it imposed certain legal financial obligations (LFOs).

---

[1] RCW 9A.52.030; 9A.08.020.

[2] RCW 9A.56.150.

[3] RCW 9A.56.360(4).

We hold that sufficient evidence supports all of Jantzi's convictions, but that the trial court erred when it imposed certain LFOs. Accordingly, we affirm Jantzi's convictions and remand for the trial court to make a new LFO determination.

FACTS

In March 2017, Jantzi stole merchandise from two different stores. In May 2017, Jantzi burglarized at least three storage units, stealing numerous items of property as well as over $100,000 in cash. The State charged Jantzi by amended information with three counts of second degree burglary, one count of first degree possession of stolen property, and one count of third degree retail theft with special circumstances.

Jantzi petitioned the trial court for placement into the drug court program. At Jantzi's hearing regarding her acceptance into drug court, the State filed the "First Amended Information with attached probable cause statements." Verbatim Report of Proceedings (VRP) (July 28, 2017) at 3. Jantzi acknowledged receipt of the information, waived formal reading, stipulated to probable cause, and asked that the Court accept her into drug court.

The trial court explained the drug court procedures to Jantzi, saying in part, "[Y]ou would be convicted of each charge once the motion to terminate is granted, you don't say a word about it, and I would sentence you to the high end of the standard ranges." VRP (July 28, 2017) at 4. Jantzi acknowledged that she understood the procedures. The trial court then granted Jantzi's petition for drug court.

Jantzi's petition for drug court included a number of statements, waivers, and stipulations. One of Jantzi's statements said, "I also admit at this time that I am guilty of the underlying offense(s)." Clerk's Papers (CP) at 63. She further stated:

> I wish to submit this case on a stipulated record. I am making this stipulation freely and voluntarily. . . . I understand that the Judge will read the police reports and other materials in the Prosecuting Attorney's possession and, based upon those facts, the Judge will decide if I am guilty of the crime(s) as set forth in the information. I stipulate that the facts contained within the police reports are sufficient for a trier of fact to find me guilty of the charge(s) presently filed against me.

CP at 64. Police reports regarding Jantzi's crimes were filed in the court file along with her petition.

Jantzi struggled to comply with the drug court program. After Jantzi participated in drug court for just over two months, the State moved to terminate her from drug court for noncompliance. The trial court granted the motion, terminated Jantzi from drug court, and found her guilty as charged at a stipulated facts trial.

The trial court did not inquire into Jantzi's financial ability or indigence. Nonetheless, Jantzi's judgment and sentence stated that she had the ability or future ability to pay LFOs, and contained certain costs and fees, namely a $500 victim assessment fee, a $500 court appointed attorney fees, a $200 filing fee, a $100 DNA (deoxyribonucleic acid) sample fee, a $100 expert witness fee, a $100 Anti-Profiteering Fund fee, and any future determination of restitution.

Jantzi appeals.

## ANALYSIS

### I. STIPULATED FACTS TRIAL

Jantzi argues that because the State did not offer any evidence to the trial court during her stipulated facts trial, the State did not prove any of the elements of the charged crimes. Specifically, Jantzi argues that the trial record does not contain any police reports or other evidence, and that the trial court did not consider such evidence before finding her guilty. Jantzi

challenges every trial court finding, stating that "[a]bsent the presentation of . . . any evidence at trial, it logically follows that there is no evidence to support any and all written factual findings by the court, much less substantial evidence." Br. of Appellant at 13. We disagree.

A stipulated facts trial is not the same as a guilty plea. *State v. Drum*, 168 Wn.2d 23, 39, 225 P.3d 237 (2010). In a stipulated facts trial, the State bears the burden of proving guilt beyond a reasonable doubt, and the trial court must determine guilt or innocence. *State v. Mierz*, 127 Wn.2d 460, 469, 901 P.2d 286 (1995). A stipulation to facts is an express waiver conceding for the purpose of the trial that the facts are true and there is no need to prove the facts. *State v. Wolf*, 134 Wn. App. 196, 199, 139 P.3d 414 (2006). As a result, the trial court is not required to provide the same safeguards for an agreement to trial based on stipulated facts as for a guilty plea. *Mierz*, 127 Wn.2d at 469. Defendants are generally bound by their stipulations. *State v. Ellison*, 172 Wn. App. 710, 716, 291 P.3d 921 (2013).

Here, Jantzi agreed to a stipulated record. She also stipulated that the trial court would read the police reports before determining guilt. Jantzi is bound by her stipulation. *See Ellison*, 172 Wn. App. at 716.

During the proceeding accepting Jantzi into drug court, the State submitted the first amended information with attached probable cause statements. These documents included police reports describing Jantzi's criminal acts. Jantzi acknowledged receipt of the amended information, waived formal reading, stipulated to probable cause, and asked the court to accept her into drug court.

Based on Jantzi's stipulations in her petition for drug court, the State was not required to formally present the police reports as exhibits to the trial court at the trial on stipulated facts. As

a result, the trial court properly had before it the stipulated evidence from the police reports and found Jantzi guilty. We hold that the trial court possessed police reports and other evidence when it determined Jantzi's guilt.

Because Jantzi's sufficiency argument is dependent on her contention that the record is devoid of facts, and because Jantzi stipulated to the sufficiency of the evidence, stating, "I stipulate that the facts contained within the police reports are sufficient for a trier of fact to find me guilty of the charge(s) filed against me," CP at 64, we do not conduct a sufficiency analysis.

## II. LFOs

Jantzi argues that the trial court erred when imposing LFOs because it did not consider Jantzi's current or future ability to pay before imposing LFOs. We agree and remand for the trial court to consider Jantzi's LFOs under *State v. Ramirez*, 191 Wn.2d 732, 747-49, 426 P.3d 714 (2018), and RCW 10.01.160, as amended in June 2018.

The legislature amended former RCW 10.01.160(3) (2015), and as of June 7, 2018, this statutory provision limits the type of LFOs a trial court can impose on an indigent defendant and prohibits a trial court from ordering a defendant to pay costs "if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." Before this legislative amendment, former RCW 10.01.160(3) prohibited trial courts from imposing costs on a criminal defendant "unless the defendant is or will be able to pay them."

The recent legislation also prohibits trial courts from imposing discretionary LFOs, criminal filing fees, or interest accrual on the nonrestitution portions of LFOs on indigent defendants. RCW 10.01.160(3); RCW 36.18.020(h); RCW 10.82.090; *Ramirez*, 191 Wn.2d at

No. 51093-6-II

746. In *Ramirez*, our Supreme Court held that this amendment applies prospectively and is applicable to cases pending on direct review. 191 Wn.2d at 749.

The trial court imposed a $500 victim assessment fee, a $500 court appointed attorney fees, a $200 filing fee, a $100 DNA sample fee, a $100 expert witness fee, a $100 Anti-Profiteering Fund fee, and restitution. Because the recently amended version of RCW 10.01.160(3) requires a trial court to make a threshold determination of whether a convicted defendant is indigent at the time of sentencing before imposing costs, and because the amended statute applies to Jantzi's sentence, we reverse the imposition of LFOs in this matter and remand to the trial court to impose LFOs consistent with the recent legislative amendments and *Ramirez*.

We affirm Jantzi's convictions and remand to the trial court for a new LFO determination.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Cruser, J.

6